No. 23250.

WALTER GODDARD, JR. *v.* THE PEOPLE OF THE STATE OF COLORADO.

(474 P.2d 210)

Decided September 14, 1970.

500

Rollie R. Rogers, Colorado State Public Denfender, Thomas M. VanCleave, Deputy, Frank J. Anesi, Public Defender Sixth Judical District, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

Walter Goddard, Jr., the defendant was charged with burglary and conspiracy to commit burglary and was convicted on both charges. He was sentenced to not more than five years in the state reformatory on each charge, the sentences to run concurrently.

The defendant argues (1) that there is insufficient evidence as a matter of law to support the guilty verdicts for burglary and conspiracy; (2) it was error for the court to admit an extra-judicial statement by the defendant into evidence without holding an *in camera* hearing to determine its voluntariness; (3) instruction eleven defining the crime of conspiracy failed to distinguish between conspiracy as a felony and as a misdemeanor and erroneously included the offense of cooperating to aid in doing an unlawful act as an element of conspiracy; (4) the instruction on accessory is defective for failure to include an instruction on an accessory during the fact; (5) instruction twelve is defective because it instructs the jury that they could find him guilty of conspiring to commit the crime of conspiracy; (6) the court erred in rejecting defendant's tendered instruction on specific intent; and (7) the court erred in permitting the district attorney to (a) ask questions of one of the witnesses concerning acts which transpired after the crime and out of the presence of the defendant, (b) ask questions of witnesses as to where the defendant lived and whether he had any money, and (c) make a statement in front of the jury that one of his own witnesses had been charged as a delinquent in the same transaction without an instruction by the court to the jury to disregard.

We conclude that the defendant is entitled to a hearing and a determination by a judge on the question of the voluntariness of his statement. For that reason the judgment is reversed. On the remaining issues, we find no error.

I.

The defendant admits that he broke into and entered the Arts and Sciences Building of the Durango High

School on the night in question. He argues, however, that there is no sufficient evidence in the record that he did so with the intent to commit the crime of larceny therein.

██ It is not contested that the defendant and two others entered the Arts and Sciences Building that night. The undisputed evidence is that the defendant climbed up on a trash can, removed the screen from an unlocked bathroom window and climbed into the building. He then opened a door onto the alley and admitted the other two. There was no evidence that the entry of any of the parties was authorized, and the only conclusion that can be drawn from the record is that the entry by the defendant was unlawful. In the recent opinion in *Garcia v. People,* 172 Colo. 329, 473 P.2d 169, this court held that where one breaks and enters into the property of another in the night time, the jury may infer that he did so with the intent to commit larceny.

██ The record contains more evidence of the defendant's intent than the fact of breaking and entering. Defendant himself testified that he and his two companions proceeded to a food locker in the kitchen adjoining the school cafeteria. There the defendant removed a case of milk which he handed to one of his companions and which was then taken outside and placed in their car. The jury could properly infer from this evidence that the intent to commit a felony existed at the time of breaking and entering. See *Keller v. People,* 153 Colo. 590, 387 P.2d 421.

The defendant took the stand and denied that he had any intent to commit larceny at the time he entered the school building. Likewise, the two persons who entered the building with him denied having any intent to commit larceny. The result is that the evidence of intent was conflicting, and it was the proper province of the jury to determine the question, as they did.

██ The circumstantial evidence in the record is also sufficient to support the jury determination of guilty

on the charge of conspiracy. The cases in Colorado are legion which state that a conspiracy is often covert in nature and may be established by circumstantial evidence. The circumstances necessary to support a conviction of conspiracy are those which show that the defendants pursued by their acts the same objective, one performing one part and another another part of the same so as to complete it, with a view to the attainment of that same objective. *Abeyta v. People,* 156 Colo. 440, 400 P.2d 431.

■ In this case, the evidence shows that the defendant and the two others who accompanied him into the school building were rooming together at the time of the burglary. These two stood by while the defendant made his way through the unlocked window into the school building. Defendant then opened the alley door for them and the three then proceeded to a food locker in the kitchen. There the defendant entered and handed several items of food out to his two companions. One of the companions took the proffered food outside and placed it in the car in which they were riding. When discovered inside the building by police, both defendant and his remaining companion attempted to hide while those in the car outside fled, subsequently abandoning the stolen food. This evidence, showing the pursuit of a common objective by the defendant and his companions, is sufficient to sustain the jury's determination of guilt even in light of the denials of conspiracy or agreement by all those involved.

## II.

The defendant objected at trial to the admission into evidence of his statement made to Captain Garnand of the Durango Police Department on the basis that he had not been informed of his constitutional rights and had not waived them at the time the statement was made. This objection was overruled by the trial judge, and the statement was admitted. The defendant argues that he was entitled to an *in camera* hearing and determination by the judge on the issue of voluntariness under the rule

in *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed2d 908 and *Whitman v. People,* 170 Colo. 189, 460 P.2d 767.

 The question upon which the trial judge ruled was whether the defendant's statement was volunteered or was given in response to police interrogation. If volunteered, the statement would be admissible without proof of the knowing and intelligent waiver of constitutional rights by the defendant required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed2d 694. In *Miranda,* the Supreme Court stated, "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

 *Jackson v. Denno, supra,* stands for the proposition that a defendant has the constitutional right to object to the use of his confession or admission at some stage of the proceedings and have an *in camera* hearing on the issue of its voluntariness. In *Whitman v. People, supra,* we held that the judge is required to conduct a hearing when it becomes evident to him that voluntariness is in issue.

In this case, the defendant expressly objected to the admission of his statement, and directly raised the issue of its voluntariness. The trial judge ruled on the objection without conducting a hearing. At the time of his ruling the judge had heard testimony from the two police officers present at the time the statement was made and from another defendant testifying as a witness for the People. Because no hearing was held, the judge did not consider testimony which the defendant could have given, and in fact did give when he later took the stand, to the effect that he gave his statement in response to the question by officer Garnand: "What were you doing in there?"

 We hold that the judge was in error in ruling on the objection without conducting a hearing to determine whether the statement was given by the defendant in response to police questioning, and if so whether the requirements of *Miranda* had been met. The case is reversed

and remanded to the trial court for an *in camera* hearing on the question of voluntariness. If the judge finds that the statement was either volunteered by the defendant without interrogation by the officers or that the defendant was adequately informed of his constitutional rights and gave an effective waiver under *Miranda,* then the statement was properly admitted, and the conviction and sentence should be reinstated. However, if the statement was not volunteered and there was no effective waiver, the defendant should be granted a new trial. *Velarde v. People,* 171 Colo. 261, 466 P.2d 919.

III.

In instruction eleven, the judge instructed the jury as follows:

"The pertinent portion of Colorado Revised Statutes 1963, 40-7-35, pertaining to conspiracy as alleged in the second count of the Information provides that if two or more persons shall agree, conspire or cooperate to, or to aid in doing any unlawful act, they shall be deemed guilty of a felony and punished as provided by law."

The defendant first argues that the instruction is defective since it fails to distinguish between a conspiracy to commit a felony and a conspiracy to commit a misdemeanor. We do not agree.

The rule is clear in Colorado that only those instructions which are applicable to the facts of a particular case should be given. *Rumley v. People,* 149 Colo. 132, 368 P.2d 197. The information filed against the defendant charged him with conspiring to commit burglary, a felony under Colorado law. The evidence of conspiracy offered by the People was to prove that the defendant conspired to commit burglary. There is nothing in the facts to support an instruction on conspiracy to commit a misdemeanor, and the judge was correct in refusing to so instruct.

The defendant next contends that it is error to define conspiracy as *cooperating* to aid in doing an unlawful act, rather than agreeing or conspiring. This

court has held that there must have been a real agreement, combination, or confederation with a common design in order for there to have been a conspiracy. *Marshall v. People,* 160 Colo. 323, 417 P.2d 491; *LaVielle v. People,* 113 Colo. 277, 157 P.2d 621. The instruction as given follows the language of C.R.S. 1963, 40-7-35, and by using the word "cooperate" satisfied the requirement that there be a combination or confederation. The instruction was sufficient to define conspiracy for the jury.

Finally, the defendant argues that to define a conspirator as one who cooperates to aid in doing an unlawful act and an accessory as one who stands by and aids in the perpetration of a crime permits the jury to find the defendant guilty of two separate offenses when in fact there is only one act — aiding in the perpetration of a crime — thereby placing the defendant twice in jeopardy for the same offense in violation of Colo. Const. Art. II, Sec. 18, and U.S. Const. amend. V (Fifth Amendment).

We cannot agree that the defendant is being tried for what is really one offense. The essence of the crime of conspiracy is the illegal agreement or combination. *People v. Bradley,* 169 Colo. 262, 455 P.2d 199. The essence of the accessory statute establishing guilt equal to that of a principal is to punish for participation in the criminal act. This court has consistently held that the conspiracy and the crime which is the object of the conspiracy are different and distinct offenses. *Pooley v. People,* 164 Colo. 484, 436 P.2d 118.

We would point out that this is not a case such as *Robles v. People,* 160 Colo. 297, 417 P.2d 232, wherein the same set of facts disbelieved by the jury as to one crime are depended upon to convict for the other. Here the jury evidently believed the incriminating facts and found the defendant guilty of both burglary and conspiracy.

IV.

Instruction eighteen given by the trial court

defined accessory for the jury. The defendant argues that it was error for the judge to omit from that instruction a definition of accessory during the fact and to instruct the jury that the latter is only a misdemeanor. We do not agree.

In *Martinez v. People*, 166 Colo. 524, 444 P.2d 641, this court stated on the same facts presented in this case that an instruction on accessory during the fact was improper and confusing where no such issue was raised by the information and the evidence. We consider that statement dispositive here. The information does not charge the defendant with being an accessory during the fact. The evidence is, as we have pointed out, that the defendant participated as a principal in the burglary. No instruction on accessory during the fact was called for, and the trial judge was correct in omitting it.

## V.

 The defendant argues that the last sentence of instruction twelve given by the court to the effect that the jury ". . . must determine, beyond a reasonable doubt, whether the defendants entered into an agreement or conspiracy amongst themselves to commit the crime charged in the information," is defective. Since the information charges the defendant with both conspiracy and burglary, the defendant argues that the instruction permits the jury to find the defendant guilty of conspiring to commit conspiracy, a non-existent crime in Colorado.

Since this court has frequently held that the sufficiency of the instructions is to be determined by examining the instructions of the court given as a whole, it not unreasonable to expect the defendant at the very least to consider the entire text of the particular instruction to which he assigns error. The sentence fragment singled out by the defendant as being misleading and erroneous begins by stating, "In determining whether or not the defendants entered into a conspiracy to commit an unlawful act, to-wit; a felony, which felony to commit bur-

glary you will consider . . ." The very sentence complained of by the defendant contains the specification of burglary as the alleged objective of the conspiracy.

On the basis of the full text of instruction twelve taken along with the other instructions of the court, we find no room for confusion as the defendant suggests.

## VI.

It is the often-stated ruling of this court that while a defendant is entitled to an instruction on his theory of the case, the judge need not accept the very instruction tendered by the defendant, and there will not be error where the instruction is adequately presented to the jury in the instructions given by the court. In this case, defendant's tendered instruction two on specific intent is contained in instructions seven and eight given by the court and was given, in substance, to the jury.

## VII.

There is no precedential value in discussing the remaining contentions of error. We have examined each point and have concluded that they do not singly or collectively amount to error prejudicial to the defendant.

The judgment is reversed and the cause remanded with directions as set forth in Part II of this opinion.