561 P.2d 347 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Joe Wallace WILKINSON, Defendant-Appellant.
No. 75-617.
Colorado Court of Appeals, Div. 1.
November 18, 1976.
Rehearing Denied December 23, 1976.
Certiorari Denied March 21, 1977.
*348 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., E. Ronald Beeks, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, State Public Defender, Dorian E. Welch, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
Defendant appeals from his conviction of attempt to commit aggravated robbery, conspiracy to commit aggravated robbery, and the misdemeanor of reckless endangerment. We affirm.
Defendant's arrest and conviction arose out of his implication in the robbery of a service station in Denver. At about 8 p.m. on October 22, 1974, a party whose identity is still unknown entered the station and demanded money at knife-point from the station operator, Harold Sales. He also directed a friend of Sales, William Schmitt, to move back into a restroom which opened into the office. The robber told Sales to give him the money out of the cash drawer, candy machine, and shock absorber cabinet, and stated that he knew there was money in those locations because a former employee had told him so. Sales had in fact kept money in the specified locations in the past, although the only money present at the time of the robbery was the change in the vending machine.
*349 While the robbery was in progress, the telephone rang. Sales answered by telling the caller he was being robbed, and asking the caller to telephone the police. Then, as he turned to confront the robber, he tipped over the candy machine. At the same time, Schmitt emerged from the restroom with a chain saw he was trying to get started to use as weapon against the robber. The robber decided at this point to flee. Schmitt pursued him out of the station, and past a car parked in a lot located across the street from the service station, but then gave up the chase.
As Schmitt was returning to the station, he noticed the car which he and the robber had run past. The car's motor was running and its lights were off. Schmitt went over to the car, leaned in the window on the passenger side, recognized defendant, whom he had met when defendant worked at the station, and said, "Joe, what are you doing here?" Defendant answered by shouting an obscenity, whereupon Schmitt went to the front of the car and stated to write down the license number. Schmitt testified he heard the brake click off and the engine race, and was hit by the left front fender of the car as defendant swerved toward him. Defendant then turned the car quickly to the right, causing its rear end to skid sideways and hit Schmitt a second time. Defendant then accelerated across the sidewalk, over the curb and into the street. Defendant sped away, running a stop sign at the first intersection. After running the stop sign, he turned on the car lights.
Schmitt also testified that defendant's car was the only car in the lot or on the streets near the service station at the time of the incident. Sales further testified that defendant was one of only two former employees who had worked at the station within the past two years, and that he knew of the hiding places which the robber had identified.

I.
Defendant contends that the evidence was not substantial nor sufficient to withstand his motion for acquittal on the charge of attempt to commit aggravated robbery. Specifically, he claims that there was no evidence to show he had knowledge that the robber intended to commit the crime, and that even if he did have this knowledge, there was no evidence that he was involved in the planning or commission of the crime nor that he aided or encouraged the robber. Defendant asserts that the evidence shows nothing more than his presence at the scene of the crime, and that mere presence alone is not sufficient to make a person an accessory to the commission of a crime. Armijo v. People, 134 Colo. 344, 304 P.2d 633.
The evidence, however, shows much more than mere presence at the scene. Defendant's former employment, the robber's knowledge of the hiding places for money, the manner in which defendant was apparently waiting outside and then his subsequent irrational flight from the scene considered as a whole constitutes sufficient circumstantial evidence to meet the tests set forth in People v. Marques, 184 Colo. 262, 520 P.2d 113, as to the elements of the offense charged and the sufficiency of the evidence. As stated in Marques, it makes no difference whether the evidence is direct or circumstantial. Furthermore, specific intent may be, and usually must be, inferred from surrounding facts and circumstances. Peterson v. People, 133 Colo. 516, 297 P.2d 529.

II.
Defendant claims also that his motion for acquittal on the conspiracy charge should have been granted because there was insufficient evidence of intent or of an agreement.
Intent to promote or facilitate commission of a crime is a necessary element of the crime of conspiracy. Section 18-2-201, C.R.S.1973. Here, the same evidence that was sufficient to support a finding of the requisite intent for complicity is equally sufficient to support a finding of the intent required to prove a conspiracy.
*350 An agreement with common design between defendant and his co-conspirator to engage in conduct which constitutes a crime or to aid in the planning or commission of the crime must also be proven to establish a conspiracy. Section 18-2-201, C.R.S.1973; People v. Dowell, 182 Colo. 11, 510 P.2d 436. There is no direct evidence of an agreement here, but, since most conspiracies are covert, such agreement frequently must be proven by circumstantial evidence. Robles v. People, 160 Colo. 297, 417 P.2d 232. The circumstances necessary to support a conviction for conspiracy are those which show that the alleged conspirators pursued by their acts the same objective, one performing one part, and the other another part, with a view to completing the acts and attaining the common objective. Goddard v. People, 172 Colo. 498, 474 P.2d 210.
The facts in this case constitute sufficient circumstantial evidence, when viewed in the light most favorable to the prosecution, to support a finding that defendant had the requisite intent and agreed to aid in the common objective of attempting to commit the robbery. The motion for acquittal on the conspiracy charge was therefore properly denied. People v. Bennett, 183 Colo. 125, 515 P.2d 466.

III.
Defendant also claims that he was prejudiced by the trial court's refusal to suppress evidence of certain prior felony convictions which might have been used to impeach him if he had taken the stand. Defendant's attorney made an offer of proof at trial that the defendant would state he was not represented by counsel in the proceedings leading to all but one of these prior convictions, which the attorney thought numbered three or four, and that defendant was not sure about the other conviction, though he did not think he had counsel. The record shows that defendant actually had a total of six prior felony convictions. Had defendant taken the stand, he would have stated that he was elsewhere at the time of the robbery drinking beer with friends. He decided not to take the stand, however, after the court refused to suppress use of the felony convictions for impeachment purposes.
Prior convictions obtained without benefit of counsel, or a knowing, intelligent, and voluntary waiver thereof, cannot be used to impeach a defendant who takes the stand in his own defense. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374. In order for there to be error, however, there must be a prima facie showing by the defendant that his prior convictions were constitutionally infirm because he did not have counsel and he did not knowingly and intelligently waive the right to counsel. People v. Woll, 178 Colo. 443, 498 P.2d 935.
Even if the offer of proof by defendant's attorney established a prima facie case that defendant was not represented by counsel at three of these convictions, there was no assertion whatsoever by defendant that he had not waived counsel in these cases. Furthermore, there was no showing of lack of counsel as to at least two other prior convictions. Therefore, defendant failed to make a prima facie showing of constitutional infirmity as to at least two, if not all, of the prior convictions. Woll, supra. Hence, it was not error for the court to have denied his motion to suppress.
Defendant's claim of error with respect to consecutive sentences has been rendered moot by a subsequent hearing in which he was resentenced to concurrent terms.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.