The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Marcello CABUS, Jr.,
Defendant-Appellant.

No. 80CA0128.

Colorado Court of Appeals,
Div. III.

Dec. 26, 1980.

Rehearing Denied Feb. 5, 1981.

Certiorari Denied April 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph Saint-Veltri, Emerson B. Semple, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a trial to the court, the defendant, Marcello Cabus, Jr., was convicted of conspiracy to dispense a dangerous drug. His principal contentions on appeal are: that there is no crime of attempting to dispense a dangerous drug, and alternatively, that if there is such an offense, the evidence did not establish that he had agreed to engage in criminal conduct, an essential element of a conspiracy charge. We affirm.

The case was tried to the court on stipulated facts. The evidence consisted primarily of transcripts of recorded telephone conversations and records of police surveillance which disclosed that between March 19, 1979, and March 29, 1979, substantial quantities of marijuana were sold by Cabus to two brothers named Casey. Several deliveries were made by Cabus personally through agents, at least one of whom was also an indicted co-conspirator, to the Casey residence or to an established pick-up point. The marijuana was purchased by Cabus in quantity from suppliers, and some of his

purchases took place for the specific purpose of meeting the Caseys' demand. The evidence would, therefore, support an inference that he knew the marijuana he sold to the Caseys was to be resold to third-party purchasers. As a result of his participation in these transactions, Cabus was indicted for participating in a conspiracy to dispense dangerous drugs in violation of § 18–2–201, C.R.S.1973 (1978 Repl. Vol. 8).

Cabus argues that the General Assembly did not intend to create such an offense as conspiracy to dispense a dangerous drug. He concedes that § 18–2–201, C.R.S.1973 (1978 Repl. Vol. 8) makes it unlawful to form a "conspiracy to commit a crime," and that § 12–22–404, C.R.S.1973 (1978 Repl. Vol. 5) declares it to be a crime "to dispense dangerous drugs." However, because a specific punishment for conspiracy to dispense a *narcotic* drug is provided in § 12–22–322(1)(h), C.R.S.1973 (1978 Repl. Vol. 5), Cabus asserts that the absence of express language anywhere in Title 12 regarding conspiracy to dispense a *dangerous* drug indicates an intent on the part of the General Assembly not to punish for conspiring to dispense a dangerous drug, as distinguished from a narcotic drug. We do not agree.

■ Explicit mention of conspiracy in the section setting out penalties for narcotics violations was necessary to carry out the General Assembly's intent to punish narcotics conspiracies as severely as the underlying offenses. Here, Cabus was charged under § 18–2–201, C.R.S.1973 (1978 Rep. Vol. 8). That statute proscribes a conspiracy to commit any conduct which constitutes a crime, and not merely those acts designated as criminal in Title 18. And, that statute provides a punishment for conspiracies where none is specified elsewhere. It reads:

> "(5) If a person conspires to commit a felony which is defined by any statute other than one contained in this title and for which conspiracy no penalty is specifically provided, he is guilty of a class 5 felony."

Consequently we hold that the General Assembly intended that the conspiracy to commit a crime be punishable even if the underlying crime is proscribed by some statute other than one contained in Title 18.

■ Cabus' next contention of error is that his conspiracy conviction must be reversed because it is contrary to "Wharton's Rule." The doctrine provides that "[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." *People v. Bloom*, 195 Colo. 246, 577 P.2d 288 (1978). *See also W. LaFave & A. Scott, Handbook on Criminal Law* 491–494 (1972). However, this case falls within the recognized "third-party" exception to the rule which permits prosecution for conspiracy where, as here, the number of conspirators exceeds the essential participants in the contemplated crime. *People v. Bloom, supra.*

■ Although Cabus argues that the prosecution failed to establish that he entered into an agreement to engage in criminal conduct, evidence introduced at trial showed the existence of such an agreement beyond a reasonable doubt. In a prosecution for conspiracy, proof of an agreement may be shown by circumstantial evidence which indicates that the conspirators, by their acts, pursue that same objective, with a view toward obtaining a common goal. *People v. LeFebre*, 190 Colo. 307, 546 P.2d 952 (1976); *People v. Wilkinson*, 38 Colo. App. 365, 561 P.2d 347 (1976). Here, there was circumstantial evidence, based on the stipulated facts, from which the trial court could infer beyond a reasonable doubt that Cabus was a voluntary participant in a large-scale operation designed to dispense vast quantities of marijuana, and that he was aware of the existence of the conspiracy.

The other contentions raised on appeal are without merit.

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.