The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Thaddiues Martinez WILLIAMS,
Defendant-Appellant.

No. 82CA1267.

Colorado Court of Appeals,
Div. II.

May 2, 1985.

Rehearings Denied May 30, 1985.

Certiorari Denied Oct. 21, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David K. Rees, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Thaddiues Martinez Williams, appeals the judgment of conviction entered following a jury verdict finding him guilty of conspiracy to commit criminal extortion and attempted theft but acquitting him of extortion. We affirm in part and reverse in part.

The prosecution's evidence showed that a person purporting to be an FBI agent called an Aurora shoe store and told the store employee that an informant had indicated that her shoe store would be the target of an extortion attempt that day. A few minutes later a "gruff sounding" man called and demanded that she take all the money in the store, put it into a bag, and drop it behind a dumpster at a nearby convenience store. The caller threatened to throw a grenade into the store if she did not comply.

At this point, the victim contacted the police department. The police put the drop site under surveillance and assisted the victim in carrying out the extortionist's demand. Surveillance officers identified de-

fendant and two co-defendants in the immediate vicinity of the drop. Officers observed the defendant approach the bag containing the money on two occasions, but on neither occasion did he touch the bag.

Defendant also looked into vehicles in the area surrounding the drop. One of the vehicles contained police officers who thought that defendant had seen them lying on the floor of their car.

After defendant first approached the bag of money, officers saw him talking with two men in the entryway to a nearby apartment building. The two men were later charged as co-defendants in this case. Defendant led one of these men back to the area where the officers were lying on the floor of their car and pointed out the car. One of the co-defendants' voices was identified by the victim as the person claiming to be the FBI agent and probably the extortionist. The other co-defendant accompanied a four-year-old boy, who picked up the money bag. Following defendant's arrest, police discovered that defendant had been wearing two sets of clothing at the time of the incident.

### I.

Defendant contends the evidence was insufficient to support the verdict on the charge of conspiracy to commit extortion because the prosecution did not prove the agreement element of conspiracy. We disagree.

■ To convict one of conspiracy, three elements must be proven beyond a reasonable doubt: "(1) a real agreement, combination, or confederation with a common design; (2) between two or more persons; (3) to accomplish an unlawful purpose which amounts to a crime." *People v. Albers,* 196 Colo. 66, 582 P.2d 667 (1978). *See* § 18–2–201, C.R.S. (1978 Repl.Vol. 8). Generally, the proof of conspiracy is sufficient if it is apparent that the alleged participants each performed a part of a plan with the purpose of attaining a common objective. *Goddard v. People,* 172 Colo. 498, 474 P.2d 210 (1970); *People v. Wilkinson,* 38 Colo.App. 365, 561 P.2d 347 (1976).

Evidence is sufficient to support the verdict if, when the evidence is viewed in a light most favorable to the prosecution, a jury could reasonably conclude therefrom that each material element of the offense had been proven beyond a reasonable doubt. *People v. Loscutoff,* 661 P.2d 274 (Colo.1983); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

■ Here, the evidence showed that defendant approached the money bag on two occasions and looked into the cars surrounding the drop site. Defendant also pointed out a car containing the officers to the man who eventually attempted to retrieve the money with the assistance of a little boy. This evidence, viewed in a light most favorable to the prosecution, was sufficient for a jury reasonably to conclude that there was an agreement to accomplish the extortion, and that defendant played a part in the crime.

### II.

Defendant next contends that the verdicts were inconsistent and, thus, the trial court erred in denying his motion for acquittal to the conspiracy charge notwithstanding the verdict. We disagree.

The prosecution relied upon a complicity theory to support the extortion charge against defendant. It was the prosecution's theory that defendant's role in the extortion was to check the drop area for police and check the bag of money to ascertain its contents. Defendant argues that both the extortion charge and the conspiracy to commit extortion charge were based on the same evidence; therefore, an acquittal on the extortion count is inconsistent with a guilty verdict on the conspiracy count.

■ A person may not be convicted of conspiracy to commit an offense if he is acquitted of the offense which is the object of the conspiracy where the sole evidence of conspiracy is the evidence establishing the commission of the offense which is the object of the conspiracy. Section 18–2–206,

C.R.S. (1978 Repl.Vol. 8); *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966).

■ The verdicts are not inconsistent if there is independent evidence in the record implicating the defendant in the conspiracy. *See People v. Hoffman,* 655 P.2d 393 (Colo. 1982). Here, defendant was seen checking the drop site for the money, and police testified he was then seen talking to both the man identified as placing the extortion call and the man that attempted to pick up the money. This evidence was sufficient independent proof of conspiracy to sustain the conspiracy, despite the acquittal on the extortion charge.

### III.

Defendant contends the trial court committed plain error in instructing the jury on the elements of attempted theft. We agree.

The jury was instructed that a person commits the crime of criminal attempt if:

"He voluntarily engages in conduct constituting a substantial step toward the commission of the crime of Theft and has the required culpability of acting knowingly and intentionally which is necessary in order to be convicted of the crime of Theft."

Defendant failed to object to the instruction at trial or in his motion for new trial.

■ To be guilty of criminal attempt, the actor must act with the kind of culpability otherwise required for commission of the underlying offense and must engage in conduct which constitutes the substantial step with the further intent to perform acts which, if completed, would constitute the underlying offense. *People v. Frysig,* 628 P.2d 1004 (Colo.1981). The intent to complete the underlying offense element of the crime of attempt may be satisfied by proof that the defendant acted either intentionally or knowingly, depending upon the *mens rea* required by the underlying offense. *People v. Krovarz,* 697 P.2d 378 (Colo. 1985).

■ The instruction here was erroneous because it failed to instruct the jury that in order to be found guilty of attempt, the defendant must intend to complete the underlying crime. *People v. Frysig, supra.* In *Frysig,* although the court erroneously instructed the jury, that error was cured by a contemporaneous instruction defining the term substantial step.

■ Failure to instruct the jury properly with respect to an essential element of the crime charged constitutes plain error. *Ramirez v. People,* 682 P.2d 1181 (Colo.1984). Under this standard, we test the sufficiency of the instructions by examining them as a whole to ascertain whether the appropriate mental state was clearly explained to the jury. *People v. Mattas,* 645 P.2d 254 (Colo.1982).

Here, the instructions taken as a whole failed to instruct the jury that the defendant must intend to complete the crime attempted. Unlike the situation in *People v. Frysig, supra,* there was no definition of substantial step that cured the deficient instruction.

The judgment of conviction of conspiracy to commit extortion is affirmed, the judgment of conviction of attempted theft is reversed, and the cause is remanded for a new trial as to that crime.

KELLY, J., concurs.

VAN CISE, J., concurs in part and dissents in part.

VAN CISE, Judge, concurring in part and dissenting in part.

I concur in parts I and II of the majority opinion and in the affirmance of defendant's conviction of conspiracy to commit extortion. I respectfully dissent from part III and, instead, would affirm his conviction of attempted theft.

The jury was instructed that a person commits the crime of attempted theft if:

"He voluntarily engages in conduct constituting a substantial step toward the commission of the crime of Theft and has the required culpability of acting knowingly and intentionally which is neces-

sary in order to be convicted of the crime of Theft.

"The elements of criminal attempt are therefore:

"(1) Voluntarily engaging in conduct constituting a substantial step toward the commission of the crime of Theft and

"(2) Having the required culpability of acting knowingly and intentionally which is necessary in order to be convicted of the crime of Theft."

Defendant contends that this instruction was erroneous in that it failed to define the term "substantial step." Admittedly, the instruction could have been more artfully drawn. However, failure to define "substantial step" does not rise to the level of plain error. See Crim. P. 52; *People v. Dillon*, 655 P.2d 841 (Colo.1982); *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972).