The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Aaron Robert PALMER, Defendant–Appellant.

No. 95CA0811.

Colorado Court of Appeals, Div. 1.

Feb. 20, 1997.

Rehearing Denied April 10, 1997.

Certiorari Granted Oct. 20, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Aaron Robert Palmer, appeals the judgment of conviction entered on jury verdicts finding him guilty of three counts of attempted reckless manslaughter, one count of conspiracy to commit reckless manslaughter, three counts of second degree assault, one count of criminal mischief, and three counts of felony menacing. He also challenges several of the sentences imposed. We affirm the judgment in part and vacate it in part, affirm the sentences in part and vacate them in part, and remand the cause with directions.

The charges filed against defendant were brought as a result of an incident in which he fired a number of gunshots at the three victims. The prosecution's evidence showed that the three victims were driving in their vehicle when they noticed a car following them. The victims turned off of the street they were on and stopped their car on a side street. The second car followed them into the side street and stopped. The drivers of the two cars got out of their vehicles and began to argue.

Defendant, who was the driver of the second vehicle, suddenly tossed his car keys to one of his passengers. The passenger then opened the trunk of the car and brought out a gun. Defendant took the gun from his companion, threatened the driver of the other car, and fired a gunshot at the driver's feet.

The two drivers then reentered their cars. As the victims were driving away, the defendant, who was then sitting in the front passenger seat of the second car, fired a number of shots at the victims' car, several of which struck the rear windshield of that vehicle.

Following a jury trial, defendant was convicted of the charges set out above and received six year sentences for each of the assault convictions, to be served consecutively. Defendant received sentences of three years incarceration for each of the remaining convictions. Two of the sentences were ordered to run concurrently with the other sentences, and two of the sentences were ordered to run consecutively to the other sentences.

I.

■ Defendant first contends that conspiracy to commit reckless manslaughter is not a legally cognizable crime. He maintains that, because conspiracy requires the actors to act with the intent to agree and attain a common purpose, and reckless manslaughter requires that an actor consciously disregard a substantial and unjustifiable risk to cause a death, the crime of conspiracy to commit reckless manslaughter would require proof of intent to agree unintentionally to cause a

death. This, defendant argues, is a legal impossibility. We are not persuaded by defendant's argument.

As is pertinent here, a person commits the crime of manslaughter if he or she recklessly causes the death of another person. Section 18–3–104(1)(a), C.R.S. (1986 Repl.Vol. 8B). A person acts recklessly when he or she consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists. Section 18–1–501(8), C.R.S. (1986 Repl.Vol. 8B).

■ Accordingly, in order to complete the offense of reckless manslaughter, it is necessary that the actor cause the death of another person by acting in a manner that involves a substantial and unjustifiable risk of death of that other person and that the actor be conscious of that risk and of its nature when electing to act. *People v. Thomas*, 729 P.2d 972 (Colo.1986).

■ Reckless manslaughter does not require a specific intent to cause the death of another. Rather, it requires an intent to engage in specific conduct that creates a substantial and unjustifiable risk of causing a death. *People v. Thomas, supra.*

Section 18–2–201(1), C.R.S. (1986 Repl.Vol. 8B) defines conspiracy as follows:

A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime ... or he agrees to aid the other person or persons in the planning or commission of a crime....

■ Thus, in order to establish a conspiracy, the following must be shown: 1) a real agreement with a common design; (2) between two or more persons; (3) to accomplish an unlawful purpose which amounts to a crime. *People v. Williams*, 707 P.2d 1023 (Colo.App.1985).

■ However, the "intent to promote or facilitate the commission of the offense" of which the conspiracy statute speaks is the intent to aid, promote, or facilitate the act or conduct. This language does not require that the conspirator intend to cause a particular result of that conduct. Rather, this language only requires knowledge by the conspirator that he or she and another are engaging in, or are about to engage in, criminal conduct. *See People v. Wheeler*, 772 P.2d 101 (Colo.1989).

A division of this court has previously held that a defendant can engage in conduct with the intent to cause serious bodily injury while knowing but not caring that the conduct is practically certain to result in death. *See People v. Gonzales*, 926 P.2d 153 (Colo.App. 1996). We similarly conclude that conspirators can know that their agreement to engage in particular conduct creates a substantial and unjustifiable risk of death, and yet choose consciously to disregard that substantial and unjustifiable risk.

Hence, reading the reckless manslaughter statute in conjunction with the elements of conspiracy, we conclude that it is legally possible to commit the crime of conspiracy to commit reckless manslaughter. We, therefore, reject defendant's assertion that the crime of conspiracy to commit reckless manslaughter is not legally cognizable.

## II.

■ Defendant also contends that there was insufficient evidence to support the jury's verdict that he conspired to commit reckless manslaughter. Again, we disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945 (Colo.1988).

■ Because of the secretive nature of a conspiracy, direct evidence of the agreement itself is rarely available in a criminal prosecution. The evidence of the agreement and the conspiracy itself, however, may be inferred from the circumstantial evidence. *People v. Larson*, 194 Colo. 338, 572 P.2d 815 (1977).

The conspiracy may also be inferred from facts suggesting that the conspirators, by their acts, pursued the same objective with a view toward the same goal. *People v. Cabus,* 626 P.2d 1159 (Colo.App.1980).

Here, there was ample circumstantial evidence of a conspiracy. The prosecution's evidence indicates that, after the two cars stopped and the drivers began arguing, the defendant threw his car keys to one of his passengers. No words were exchanged. The passenger immediately walked to the trunk of the second car, opened it, and pulled out a gun. The passenger then handed the gun to the defendant, again without speaking to him first.

The record further establishes that, after the driver of the first car reentered his car, the defendant reentered the second vehicle, this time in the front passenger seat, and the companion who had retrieved the gun got into the driver's seat. As their car drove away, defendant fired a number of shots at the victim's car.

This evidence, when considered in the light most favorable to the prosecution, supports the jury's determination that defendant and his passenger had an agreement to engage in particular conduct involving the other car. The fact that defendant and his passenger did not even need to exchange any words in furtherance of this agreement is strong circumstantial evidence that the agreement existed before defendant exited the second car and began arguing with the other driver. The coconspirator took certain steps in furtherance of the conspiracy, while defendant took others. By their actions alone, defendant and his passenger sufficiently established their intent to pursue and attain the same objective. *See Goddard v. People,* 172 Colo. 498, 474 P.2d 210 (1970). Accordingly, there is substantial evidence to support the jury's verdict.

### III.

Defendant next contends that his convictions for menacing must be vacated because menacing is a lesser included offense of second degree assault. We disagree.

An offense is a lesser included offense of a greater offense if the establishment of the essential elements of the greater offense necessarily establishes all of the elements required by statute to prove the lesser offense. Section 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B). *People v. Annan,* 665 P.2d 629 (Colo. App.1983).

In addition, an offense is a lesser included offense of a greater offense when it differs from the greater offense *only* in the respect that a less serious injury or risk of injury to the same person or property *or* a lesser kind of culpability suffices to establish its commission. Section 18–1–408(5)(c), C.R.S. (1986 Repl.Vol. 8B).

Section 18–1–408(5)(c), C.R.S. (1986 Repl.Vol. 8B) is written in the disjunctive. The statute's use of the word "or" means that an offense is a lesser included offense of a greater offense if either it requires a less serious injury or risk of injury than the greater offense or if it requires a lesser kind of culpability than the greater offense, and that is the *only* difference between the two crimes.

As is pertinent here, a person commits second degree assault if, with the intent to cause bodily injury to another person, he or she causes or attempts to cause such injury to any person by means of a deadly weapon. Section 18–3–203(1)(b), C.R.S. (1996 Cum. Supp.). In contrast, the crime of menacing is committed when a person, by any threat or physical action, knowingly places or attempts to place another person in fear of imminent serious bodily injury. Section 18–3–206, C.R.S. (1986 Repl.Vol. 8B).

Second degree assault requires an intentional act to cause bodily injury to another person, while menacing requires that the defendant knowingly place or attempt to place another in fear of imminent serious bodily injury by threat of physical action. Hence, the culpability needed to establish the commission of these offenses differs. *See People v. Truesdale,* 804 P.2d 287 (Colo.App.1990).

In addition, the offenses differ with respect to the seriousness of the injury or risk of the injury to another person because menacing does not require that the defendant cause or

attempt to cause injury. Therefore, because the offenses differ with respect to *both* the culpability required *and* the injury or risk of injury required, we conclude that, even under the provisions of § 18–1–408(5)(c), menacing is not a lesser included offense of second degree assault.

## IV.

■ Defendant argues, the People concede, and we concur that the trial court erred in applying § 18–3–203(2)(c), C.R.S (1986 Repl.Vol. 8B) to defendant's second degree assault convictions.

The supreme court has determined that an offender's constitutional right to equal protection is violated when the crime of violence sentencing enhancer provision in § 18–3–203, C.R.S. (1986 Repl.Vol. 8B) is applied to a sentence for second degree assault. *People v. Nguyen,* 900 P.2d 37 (Colo.1995). Because the trial court applied the crime of violence provisions to all three of defendant's second degree assault convictions, this case must be remanded for resentencing on those convictions.

## V.

Finally, defendant contends that, although he was charged with two counts of conspiracy to commit reckless manslaughter, the jury returned only one guilty verdict for conspiracy. The mittimus, however, incorrectly reflects guilty verdicts for two counts of conspiracy.

The People concede, and we agree, that the mittimus must be corrected to reflect one guilty verdict and sentence for conspiracy to commit reckless manslaughter. Accordingly, the cause must be remanded for correction of the mittimus.

Accordingly, the judgment is affirmed in all respects, except that the portion of the judgment indicating a conviction for two counts of conspiracy is vacated. The sentences are affirmed, except as to the imposition of an enhanced sentence for the convictions for second degree assault and for a second conspiracy count, and the cause is

remanded with directions to amend the mittimus accordingly.

METZGER and NEY, JJ., concur.