Aaron Robert PALMER, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 97SC369.

Supreme Court of Colorado,
En Banc.

Sept. 14, 1998.

David F. Vela, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, Colorado, for petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Criminal Enforcement Section, Denver, Colorado, for respondent.

Justice BENDER delivered the Opinion of the Court.

We review the court of appeals' decision in *People v. Palmer*, 944 P.2d 634, 637 (Colo. App.1997), which held that "conspiracy to commit reckless manslaughter" is a cognizable crime in Colorado. We conclude that it is not.

The gist of the crime of conspiracy is an agreement, between two or more persons, to commit or attempt to commit a crime. *See* §18–2–201(1), 6 C.R.S. (1997). Conspiracy requires two distinct mental states. First, it requires the specific intent to agree to commit a particular crime. Second, it requires the specific intent—or the conscious objective—to cause the result of the crime to which the conspirators agreed.

By contrast, the culpable mental state required by the crime of reckless manslaughter is that the defendant consciously disregard a substantial and unjustifiable risk that someone will be killed. The culpable mental states mandated by conspiracy and reckless manslaughter are both legally and logically inconsistent. In short, one cannot intend to cause a death unintentionally.

Our earlier cases recognizing the crimes of attempted reckless manslaughter and criminally negligent homicide based on a complicity theory are inapposite. Attempt does not require the specific intent to achieve a criminal result, and complicity is not a crime but a legal theory by which a defendant is liable for the conduct of another.

We reverse the judgment of the court of appeals on this issue only, and we vacate the defendant's conviction for conspiracy to commit reckless manslaughter. We remand this case to the court of appeals to return to the district court with the remaining directions contained in the court of appeals' decision.

## I. FACTS AND PROCEDURAL HISTORY

The defendant, Aaron Palmer, was convicted of multiple felonies for having fired gunshots at several victims.[1] The district court sentenced Palmer to the Department of Corrections for a substantial period of time and imposed a concurrent term for the single count of conspiracy to commit reckless manslaughter that is at issue here. On appeal, Palmer argued that conspiracy to commit reckless manslaughter is not a legally cognizable crime in Colorado. Noting that conspiracy is a crime requiring a specific intention to achieve the forbidden result and that reckless manslaughter is a crime requiring recklessness with respect to the result, Palm-

---

1. A lengthy recitation of the facts is unnecessary since the issue of whether conspiracy to commit reckless manslaughter is a legally cognizable crime is strictly a question of law.

er argued that it is logically impossible to specifically intend that an unintended death occur.

The court of appeals rejected Palmer's argument. The court of appeals determined that conspiracy does not require that the conspirator intend to cause a particular result but merely requires that the conspirator know that he or she and another are engaging in criminal conduct. *See Palmer,* 944 P.2d at 637. Since it is possible to know that an agreement to engage in conduct creates a substantial and unjustifiable risk of death, and to disregard that risk, the court of appeals concluded that conspiracy to commit reckless manslaughter is a legally cognizable crime. *See id.* In reaching this decision, the court of appeals relied on our decisions in *People v. Thomas,* 729 P.2d 972, 977 (Colo. 1986), in which we recognized the crime of attempted reckless manslaughter, and *People v. Wheeler,* 772 P.2d 101, 105 (Colo.1989), in which we held that criminally negligent homicide can result in criminal liability for a complicitor.

Palmer petitioned this court for certiorari on the issue of whether conspiracy to commit reckless manslaughter is a legally cognizable crime.[2] He asserts that the culpable mental state required for conspiracy conflicts with the culpable mental state for reckless manslaughter.

We begin with a brief discussion of well-settled principles of criminal law regarding the culpable mental states defined by statute. We then distinguish conspiracy, attempt, and complicity in order to address the analogies drawn by the court of appeals between these areas of law. Lastly, we apply these legal principles to this case and conclude that conspiracy to commit reckless manslaughter is not a legally cognizable crime.

## II. CULPABLE MENTAL STATES

 A criminal "offense" or "crime" is a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed. *See* § 18–1–104, 6 C.R.S.

(1997). The General Assembly has the exclusive authority to define criminal offenses. *See Bogdanov v. People,* 941 P.2d 247, 250 (Colo.1997). The General Assembly alone may define proscribed conduct and the culpable mental state that must accompany such conduct. *See id.*

 The General Assembly established four culpable mental states applicable to crimes in the Colorado Criminal Code: intentionally, knowingly, recklessly, and with criminal negligence. *See* § 18–1–501, 6 C.R.S. (1997). The General Assembly created precise statutory definitions of these mental states, which differ from the common usage of these same words. These statutory definitions only apply to "offenses," or crimes. *See id.* When these same words appear in other contexts in the criminal code, they retain their plain and ordinary meaning. *See Wheeler,* 772 P.2d at 103.

The General Assembly declared that all offenses in the criminal code in which the mental culpability requirement is expressed as "intentionally" or "with intent" are specific intent offenses. *See* § 18–1–501(5). "A person acts 'intentionally' or 'with intent' when his conscious objective is to cause the specific result proscribed by the statute defining the offense." *Id.*

The legislature declared that all offenses in the criminal code in which the mental culpability requirement is expressed as "knowingly" or "willfully" are general intent crimes. *See* § 18–1–501(6). "A person acts 'knowingly' or 'willfully' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists." *Id.*

"A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(7). "A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exer-

---

**2.** We also granted certiorari on the question of "[w]hether there was insufficient evidence to support [Palmer]'s conviction for conspiracy to commit reckless manslaughter." Because we hold that conspiracy to commit reckless manslaughter is not a cognizable crime, we do not reach this second issue.

cise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(3).

To summarize, the definitions of these terms, "intentionally," "knowingly," "recklessly," and "criminal negligence," that appear in section 18–1–501 apply only to the culpable mental states for "offenses," or substantive crimes established by Colorado's Criminal Code. *See* § 18–1–501.

## III. CONSPIRACY, ATTEMPT, AND COMPLICITY

Having set forth the defined culpable mental states applicable to the offenses in Colorado's Criminal Code, we examine Colorado's conspiracy, attempt, and complicity statutes and the mental state required by each statute.

One of the essential elements of a conspiracy is an agreement, between two or more persons, to commit or attempt to commit a crime:

> A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in planning or commission of a crime or of an attempt to commit such crime.

§ 18–2–201(1).[3]

■ Conspiracy is a substantive "offense." *See* § 18–1–104. Thus, the phrase "with [the] intent" as it appears in this statute refers to and relies on the statutory definition of these words for its meaning: the defendant must have the "conscious objective ... to cause the specific result proscribed by the statute defining the offense." § 18–1–501(5). Since the culpable mental state for the crime of conspiracy is "with intent," conspiracy is a specific intent crime. *See* § 18–1–501(5).

■ The crime of conspiracy requires two mental states. First, the defendant must possess the specific intent to agree to commit a particular crime. Second, the defendant must possess the specific intent to cause the result of the crime that is the subject of the agreement. Specific intent is an integral part of the crime and "must be established with the same certainty as any other material element of the crime." *Armijo v. People*, 157 Colo. 217, 219, 402 P.2d 79, 80 (1965). For example, in *Watkins v. People*, 655 P.2d 834, 838 (Colo.1982), the defendant pled guilty to conspiracy to commit the crime of escape. At the providency hearing, the district court failed to explain the elements of escape, the crime that was the object of the conspiracy. *See id.* We held that the advisement failed to establish the defendant's understanding of the crime of conspiracy because "conspiracy has legal significance only with respect to some other crime which is the object of the conspiracy." *Id.*

■ Having discussed the culpable mental state for the crime of conspiracy, we now address the required mental state for the crime of attempt. A criminal attempt requires that the accused act with the kind of culpability otherwise required for the commission of the underlying offense:

> A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense.

§ 18–2–101(1), 6 C.R.S. (1997). If the underlying offense is a specific intent crime, then the culpable mental state for the crime of attempt will be "intentionally;" if the underlying offense is a general intent crime, then the culpable mental state will be "knowingly." *See People v. Krovarz*, 697 P.2d 378, 381 (Colo.1985). Thus, unlike conspiracy, punishment for attempt "is not confined to actors whose conscious purpose is to perform the proscribed acts or to achieve the proscribed results." *Id.* at 381. Instead, it is enough

---

**3.** Of course, another element of the crime of conspiracy is that one of the co-conspirators commit an overt act in furtherance of the conspiracy—an element that is not at issue here. *See* § 18–2–201(2).

that the accused knowingly engages in the risk producing conduct that could lead to the result. It is possible to be convicted of attempt without the specific intent to obtain the forbidden result. *See id.*[4]

Depending on the elements of the underlying crime, the crime of attempt may require that the defendant "knowingly" engaged in conduct. In *People v. Frysig*, 628 P.2d 1004, 1007 (Colo.1981), we stated that attempt requires "intent to commit the underlying offense." In *People v. Thomas*, 729 P.2d 972, 974–75 (Colo.1986), we explained that this language referred to something "akin to . . . general intent," and we held that the crime of attempted reckless manslaughter requires proof that the defendant acted "knowingly" with respect to conduct.

■ Lastly, we address complicity. Unlike attempt and conspiracy, complicity is not a separate and distinct crime under the Colorado Criminal Code. It is not a violation of, or conduct defined by, a statute for which a fine or imprisonment may be imposed. *See* § 18–1–104. Rather, complicity is a legal theory in which a person who aids, abets, or advises another who commits an offense is liable for that offense as a principal:

> A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense.

§ 18–1–603, 6 C.R.S. (1997).

■ The complicity statute creates criminal liability only if the defendant acts "with the intent" to promote or facilitate the offense. Unlike conspiracy, however, complicity is not a substantive offense, and therefore the word "intent" in the complicity statute does not mean specific intent but rather retains its plain and ordinary meaning:

> While "intent" is used in the Colorado complicity statute, complicity itself does not thereby become a specific intent crime.

Because complicity is not a substantive offense, the statutory definitions of mens rea contained in section 18–1–501(5) do not apply. Rather, the term "intent" retains its common meaning.

*Bogdanov*, 941 P.2d at 250 (citations omitted); *see also People v. R.V.*, 635 P.2d 892, 894 (Colo.1981).

To summarize, conspiracy, attempt, and complicity are distinct legal principles with different requirements for mental culpability. Conspiracy is a specific intent crime that requires the defendant to intend to agree, and to intend specifically to achieve the result of the crime. The phrase "with the intent to promote or facilitate [the] commission [of a crime]" contained in the conspiracy statute requires construction using the precise statutory definition. The accused must have the conscious objective to achieve the specific result proscribed by an offense. The culpable mental state for attempt is determined by the required mental state of the underlying crime. Hence, it is possible to commit the crime of attempt without possessing a specific intent, provided that the underlying crime does not require a specific intent. Complicity is a legal theory rather than a crime; the phrase "with the intent to promote or facilitate the commission of the offense" contained in the complicity statute retains its ordinary meaning and usage and does not require specific intent as defined by the General Assembly. With these principles in mind, we turn to the issue of whether conspiracy to commit reckless manslaughter is a cognizable crime.

## IV. ANALYSIS

### A. CONSPIRACY TO COMMIT RECKLESS MANSLAUGHTER: A LEGAL AND LOGICAL IMPOSSIBILITY

■ The People argue that the crime of conspiracy to commit reckless manslaughter, if recognized, would not require the defendant to specifically intend the death of the

---

4. We note that Colorado's attempt jurisprudence differs from that of the majority of jurisdictions, which hold that attempt liability cannot attach when the substantive crime involved is an unintentional crime. *See State v. Holbron*, 80 Hawai'i 27, 904 P.2d 912, 920 (Haw.1995); 2 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 6.2(c)(2), at 26–28 (1986); *see generally* J.C. Smith, *Two Problems in Criminal Attempts*, 70 Harv.L.Rev. 422 (1957).

victim, and therefore such an offense would not be a logical impossibility. We disagree. Although a superficial reading of the conspiracy statute might support the People's argument, it is necessary to analyze the statute together with the legislative definition of specific intent and with our prior case law interpreting the crime of conspiracy in Colorado. In doing so, we reach the conclusion that a crime of conspiracy to commit reckless manslaughter would indeed pose a legal and logical conflict that is irreconcilable. Thus, we hold that conspiracy to commit reckless manslaughter is not a cognizable crime.

Since conspiracy is a criminal "offense," the statutory definitions of culpable mental states apply to the required mental state of this crime. Conspiracy is a specific intent crime. A person acts with specific intent when "his conscious objective is to cause the specific result proscribed by the statute defining the offense." § 18–1–501(5). Conspiracy requires two distinct specific intents. First, it requires the specific intent to agree to commit a particular crime. Second, it requires the specific intent to cause the result of the crime to which the conspirators agreed. Thus, in *Watkins,* we held that one of the "critical elements" of the crime of conspiracy to commit escape is that the defendant have "the specific intent to promote or facilitate the commission of the crime of escape." *Watkins,* 655 P.2d at 838. As we further explained in *Watkins,* a conspiracy has legal significance only with respect to some other crime that serves as its object. *Id. See also People v. Hoinville,* 191 Colo. 357, 359, 553 P.2d 777, 779 (1976) (vacating a conspiracy conviction because the jury instructions and verdict forms failed to specify the substantive crime alleged to have been the subject of the conspiracy); *People v. Pleasant,* 182 Colo. 144, 146, 511 P.2d 488, 489 (1973) (nullifying a conspiracy conviction where the verdict form merely stated that the jury found the defendant guilty of "conspiracy").

Here, the crime that was the object of the conspiracy is reckless manslaughter. A person commits reckless manslaughter if "[h]e recklessly causes the death of another person." § 18–3–104(1)(a), 6 C.R.S. (1997). As explained in section II, a person acts recklessly "when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(7). Reckless manslaughter does not require the specific intent to cause the death of another. *See Thomas,* 729 P.2d at 974. Rather, it requires that a person knowingly engage in risk producing acts or conduct that create a substantial and unjustifiable risk of causing a death. *See id.* "One may be guilty of attempting to commit a crime of recklessness if it is shown that he was merely reckless toward the possibility that his conduct might have a certain consequence." Marianne Wesson, *Crimes and Defenses in Colorado* 24 (1989).

The culpable mental states for conspiracy and for reckless manslaughter are legally and logically inconsistent. The crime of conspiracy to commit reckless manslaughter would require that the defendant have the specific intent to commit reckless manslaughter. Crimes of recklessness are, by definition, crimes that are committed unintentionally, but with a conscious disregard for a substantial and unjustifiable risk that a result will occur. Thus, the state of mind required for reckless manslaughter is irreconcilable with the specific intent required for conspiracy.[5] *See State v. Toczko,* 23 Conn. App. 502, 582 A.2d 769, 772 (Conn.App.Ct. 1990) (holding that conspiracy to commit manslaughter is not legally cognizable because the death of the victim is unintended); Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* 466 (1972) (stating that "there is no such thing as a conspiracy to commit a crime which is defined in terms of recklessly or negligently causing a result"). Logic dictates that one cannot agree in advance to accomplish an unintended result. Thus, we hold that conspiracy to commit reckless man-

**5.** The People's argument that "[t]he specific intent necessary for conspiracy to commit reckless manslaughter is the conscious objective to agree to engage in conduct ... involving a substantial and unjustifiable risk of death" misses the mark because it focuses on conduct and fails to take into account the fact that conspiracy requires the specific intent to cause the result of the crime to which the conspirators agreed.

slaughter is not a cognizable offense in Colorado.

## B. ATTEMPTED RECKLESS MANSLAUGHTER DISTINGUISHED

The People argue that our decision in *Thomas* recognizing attempted reckless manslaughter as a cognizable crime requires us to affirm the court of appeals' holding that conspiracy to commit reckless manslaughter is also cognizable. We disagree, based on the crucial distinction that attempt can be a general intent crime while conspiracy is always a specific intent crime.

In *Thomas,* the petitioner argued that the crime of attempted reckless manslaughter was a legal impossibility. *See Thomas,* 729 P.2d at 975. We noted that the culpable mental state for attempted reckless manslaughter is the mental state required for the commission of the underlying offense, reckless manslaughter, and that attempt liability focuses on conduct rather than results. *See id.* Reckless manslaughter requires the conscious disregard of a substantial and unjustifiable risk that death will occur. *See* § 18-3-104(1)(a) (stating that the mens rea for reckless manslaughter is recklessness); § 18-1-501(7) (defining recklessness). Thus, we held, the culpable mental state for attempted reckless manslaughter is that the accused knowingly engage in conduct while consciously disregarding a substantial and unjustifiable risk of death. *See Thomas,* 729 P.2d at 974, 975. Even though death is an element of reckless manslaughter, one may commit the crime of attempted reckless manslaughter without intending that death occur. *See id.* Since attempt requires the same mental culpability as the underlying crime, we held that there is no inconsistency between the mental culpability requirement for attempt and that for the underlying crime, reckless manslaughter. *See id.* at 975.[6]

Here, however, the culpability requirement for conspiracy and that for the crime of reckless manslaughter conflict. Conspiracy is always a specific intent crime, and conspiracy liability focuses on specifically intended results rather than on conduct. Unlike attempted reckless manslaughter, conspiracy to commit reckless manslaughter would require the accused to possess the specific intent to achieve an unintentional death, which we conclude is a legal and logical impossibility.

## C. COMPLICITY LIABILITY FOR CRIMINALLY NEGLIGENT HOMICIDE DISTINGUISHED

The People argue that our decision in *Wheeler* finding complicity liability for criminally negligent homicide compels us to extend that reasoning to conspiracy to commit reckless manslaughter in this case. Again, we disagree, because complicity is a theory of liability that has a less exacting intent requirement than that for crimes of conspiracy.

Because the conspiracy and complicity statutes both require the defendant to act "with the intent to promote or facilitate" a crime, the court of appeals assumed that this language carried the same meaning in both contexts. In the context of complicity, we interpreted this phrase to mean "the intent to promote or facilitate the act or conduct of the principal." *Wheeler,* 772 P.2d at 103. The court of appeals extended this interpretation to the conspiracy statute and held that "this language only requires knowledge by the conspirator that he or she and another are engaging in, or are about to engage in, criminal conduct." *Palmer,* 944 P.2d at 637. The court reasoned that a conspirator can know that his agreement to engage in conduct creates a substantial and unjustifiable risk of death, and yet act recklessly by choosing to consciously disregard that risk. *See id.* Accordingly, the court of appeals held that conspiracy to commit reckless manslaughter is a cognizable crime. *See id.*

---

**6.** In *Thomas,* we also relied on *People v. Krovarz,* 697 P.2d 378, 381–82 (Colo.1985), in which we stated that specific intent to achieve the object of a crime was not a prerequisite to attempt liability. Punishment is justified not only when the actor intends harm, but also when the actor acts knowingly because of the probability of the actor's future dangerousness. *See id.* In *Thomas,* we extended the rationale of *Krovarz* and held that punishment is justified when the defendant acts recklessly. *See Thomas,* 729 P.2d at 976.

Considering the similarity of the language contained in the conspiracy and complicity statutes, the court of appeals' reliance on *Wheeler* is understandable. The court of appeals equated *Wheeler*'s interpretation of the phrase "with the intent to promote or facilitate" as it appears in the complicity statute with the meaning of the phrase "with the intent to promote or facilitate" as it appears in the conspiracy statute at issue in this case. However, its reliance on *Wheeler* is misplaced. Complicity is a legal theory rather than an "offense." *See* § 18–1–104, – 603. The phrase "with the intent" that appears in the complicity statute retains its plain and ordinary meaning. *See Bogdanov,* 941 P.2d at 250. In *Wheeler,* we stated that the plain and ordinary meaning of the intent language in the complicity statute only requires the complicitor to know "that the principal is engaging in, or about to engage in, criminal conduct." *Wheeler,* 772 P.2d at 103.

By contrast, as discussed in section III, conspiracy is a substantive "offense." The phrase "with the intent" that appears in the conspiracy statute is defined in accordance with the statutory definitions of culpable mental states set forth in section 18–1–501. Since conspiracy requires specific intent and complicity requires only knowledge, the culpable mental states for conspiracy and complicity are not the same.

Although our analysis has required a close reading of the criminal code, the distinction between criminal liability for conspiracy and complicity is not merely a formalistic one. Rather, this distinction is rooted in the common law and the differences between the types of harm that conspiracy liability and complicity liability aim to punish. The harm proscribed by the crime of conspiracy occurs when people come together in groups and agree to commit crimes, while the harm proscribed by complicity liability occurs when a person assists the principal in the commission of a crime:

> The essence of the crime of conspiracy is the illegal agreement or combination.... The essence of the accessory statute establishing guilt equal to that of a principal is to punish for participation in the criminal act.

*Goddard v. People,* 172 Colo. 498, 507, 474 P.2d 210, 215 (1970). Thus, complicity liability for the crime of negligent homicide "does not involve an intent to promote or facilitate an unintentional act." *Wheeler,* 772 P.2d at 105. It is precisely because conspiracy to commit a crime of recklessness *would* involve such a logical impossibility that we reach our holding today.

## V. CONCLUSION

In summary, we hold that conspiracy to commit reckless manslaughter is not a cognizable crime under Colorado law. We disapprove of the court of appeals' extension of our reasoning in *Thomas* and *Wheeler* to the crime of conspiracy. Accordingly, we reverse the judgment of the court of appeals on this issue only and remand the case with instructions to vacate the judgment of conviction for the crime of conspiracy to commit reckless manslaughter.