THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TROY S. WATSON, Defendant-Appellant.

Second District    No. 2—00—0188

Opinion filed May 22, 2001.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Following a jury trial, defendant, Troy Watson, was convicted of residential burglary (720 ILCS 5/19—3(a) (West 1998)). Because defendant had previously been convicted of two Class 2 felonies, he was eligible for a sentence in the Class X range (see 730 ILCS 5/5—5—3(c)(8) (West 1998)), and the trial court sentenced him to 16 years' imprisonment. Defendant appeals, contending that his Class X sentence is unconstitutional because the State failed to prove beyond a reasonable doubt the prior felony convictions that were the basis of the enhanced sentence.

Evidence at defendant's trial showed that Svea and Rune Anderson returned home and heard noises coming from inside their house. Rockford police officer Brad Shelton arrived to see a person climbing out a window. The man retreated into the house and came out moments later from a different part of the house. A police canine unit found defendant hiding in the weeds along a nearby creek bank. Defendant had Rune Anderson's wallet in his "fanny pack." A neighbor of the Andersons testified that he chased a man out of their house and identified defendant as the man he chased.

A jury found defendant guilty. Defendant's presentence report shows convictions of burglary in 1988 and of residential burglary in 1990. At the sentencing hearing, the prosecutor informed the court that defendant was eligible for a Class X sentence based on those two convictions. Except for defense counsel pointing out a few typographical errors, defendant did not challenge the accuracy of the presentence report. The trial court sentenced defendant to 16 years' imprisonment. Defendant appeals.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), defendant argues that the enhanced sentence violates his right to due process because the State did not prove the basis for the enhancement—his prior convictions—beyond a reasonable doubt. The State responds that *Apprendi* expressly recognizes recidivism as an exception to its requirement that a State must

establish beyond a reasonable doubt every fact used to increase a defendant's sentence beyond the usual maximum for the crime of which he was convicted. We agree with the State.

Although residential burglary is normally a Class 1 felony (720 ILCS 5/19—3(b) (West 1998)), defendant was sentenced as a Class X offender pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections, which provides as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." 730 ILCS 5/5—5—3(c)(8) (West 1998).

For a defendant to be sentenced under this statute, the commission and conviction dates of the prior offenses must have occurred in the chronological order mandated by the statute. *People v. Williams*, 149 Ill. 2d 467, 473 (1992).

In *Apprendi*, the court struck down a New Jersey statute that allowed the trial court to impose a sentence beyond what would normally have been the statutory maximum if the court found by a preponderance of the evidence that defendant acted in order to intimidate an individual or group because of race, color, gender, or other similar factors. The court held that the New Jersey scheme defeated a defendant's right to have a jury determine that he is guilty of every element of an offense beyond a reasonable doubt. *Apprendi*, 530 U.S. at 496, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366-67.

In summarizing its holding, the court stated, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. In its analysis, the *Apprendi* court referred to its recent holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), that where an enhanced sentence is based solely on the defendant's prior convictions, the prosecution need not establish those convictions beyond a reasonable doubt at trial. *Almendarez-Torres*, 523 U.S. at 247, 140 L. Ed. 2d at 370-71, 118 S. Ct. at 1232-33.

As defendant acknowledges, the First District recently rejected an argument nearly identical to that he makes here. In *People v. Lathon*,

317 Ill. App. 3d 573 (2000), the court held that *Apprendi* and *Almendarez-Torres* create an exception to the rule that the State must prove beyond a reasonable doubt every fact that increases a defendant's sentence. Among the concerns discussed in *Lathon* was the prejudice to defendants that would result from forcing the State to place before the jury evidence of their prior convictions. *Lathon*, 317 Ill. App. 3d at 586.

Defendant contends that *Lathon* was wrongly decided. According to defendant, the *Lathon* court's concern about prejudice is misplaced because "proving up the prior convictions can be done in a sentencing hearing rather that [*sic*] at trial." Defendant also argues that section 5—5—3(c)(8) requires proof of facts other than the mere existence of a defendant's prior convictions.

We agree with *Lathon*'s analysis. Cases considering the issue have identified four persuasive rationales for not requiring the State to prove a defendant's prior convictions at the guilt-innocence phase of a trial. First, historically, recidivism has been "a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres*, 523 U.S. at 243, 140 L. Ed. 2d at 368, 118 S. Ct. at 1230; see also *United States v. Forbes*, 16 F.3d 1294, 1299 (1st Cir. 1994). Second, the prior convictions must themselves have been established through procedures that complied with due process. Thus, the rights of fair notice, proof beyond a reasonable doubt, and a jury trial inherent in due process have already been met with regard to these convictions. *Jones v. United States*, 526 U.S. 227, 249, 143 L. Ed. 2d 311, 329-30, 119 S. Ct. 1215, 1227 (1999); *Lathon*, 317 Ill. App. 3d at 585. Third, prior convictions are "highly verifiable matters of record which need not be subject to jury inquiry." *Forbes*, 16 F.3d at 1299; see also *Government of Virgin Islands v. Castillo*, 550 F.2d 850, 853 n.5 (3d Cir. 1977). Fourth, making prior convictions an element of the offense would force the State to put such evidence before the jury, which would severely prejudice the defendant. *Almendarez-Torres*, 523 U.S. at 235, 140 L. Ed. 2d at 362, 118 S. Ct. at 1226; *Lathon*, 317 Ill. App. 3d at 586.

Typically, a criminal defendant will go to great lengths to ensure that his criminal history is not brought to the jury's attention. Making that history an element of the offense would not only permit, but require, the State to put this evidence before the jury. As the cases above suggest, the corresponding benefit to the defendant would be marginal at best. Past convictions are typically matters of public record of which the trial court can take judicial notice. Rarely are the facts surrounding prior convictions contested at a sentencing hearing. Requiring the State to prove prior convictions at trial would greatly prejudice the typical defendant with little corresponding benefit.

Acknowledging the potential for prejudice, defendant argues in his reply brief for some type of hybrid procedure at which the State would prove the substantive offense at a jury trial and prove the prior convictions at a sentencing hearing. Initially, this seems to be the opposite of what defendant argued in his initial brief, where he contended that his conviction had to be reversed because "the State did not prove defendant's prior convictions beyond a reasonable doubt *at the trial*." (Emphasis added.) In any event, the supreme court has already rejected a similar contention. In *People v. Williams*, 149 Ill. 2d 467 (1992), the court held that the presentence report is generally a reliable source for a defendant's criminal history (*Williams*, 149 Ill. 2d at 491) and that requiring the State to do more to prove prior convictions for purposes of section 5—5—3(c)(8), such as providing certified copies of conviction, would be a "useless requirement and a needless waste of time" (*Williams*, 149 Ill. 2d at 493). Nothing in *Apprendi* requires a different result.

We note that *Almendarez-Torres* declined to decide whether a heightened standard of proof should apply to prior convictions introduced at a sentencing hearing where defendant did not dispute the factual bases for those convictions. *Almendarez-Torres*, 523 U.S. at 247-48, 140 L. Ed. 2d at 371, 118 S. Ct. at 1233. Here, too, defendant does not suggest that his prior convictions do not exist or (with a few exceptions not relevant here) that the presentence report inaccurately reports them. We can conceive of a case in which a defendant might legitimately dispute the accuracy of the records of his prior convictions although we would expect it to be extremely rare. This is certainly not such a case.

Defendant also contends that section 5—5—3(c)(8) requires proof of facts other than the mere existence of the prior convictions, including that defendant was more than 21 years old, that the first felony was committed after the effective date of the statutory amendment, that the second felony was committed after the conviction of the first, and that the third felony was committed after the conviction of the second. See 730 ILCS 5/5—5—3(c)(8) (West 1998). These additional "facts" relate to nothing more than the timing and sequence of the convictions themselves. These facts are typically undisputed matters of record. As noted above, requiring the jury to "find" these facts would place damaging information about defendant before the jury for no good reason. In *Williams*, the supreme court held that the defendant's criminal history in the presentence report was all that was necessary to establish defendant's eligibility for an enhanced sentence under section 5—5—3(c)(8). *Williams*, 149 Ill. 2d at 491.

*Apprendi* simply does not apply where the primary basis for the

enhanced sentence is a defendant's criminal history. Such is clearly the case here.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.