**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jesus Bernardo FONTES, Defendant–Appellant.**

No. 02CA0395.

Colorado Court of Appeals, Div. II.

Nov. 6, 2003.

Rehearing Denied Dec. 18, 2003.

Certiorari Denied May 10, 2004.

Ken Salazar, Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Jesus Bernardo Fontes, appeals the judgment of conviction entered on a jury verdict finding him guilty of forgery, a class five felony; criminal impersonation, a class six felony; and misdemeanor theft. We affirm.

Defendant was arrested after he presented a false identification card to a convenience store clerk and attempted to cash a forged payroll check in the amount of $454.75. At trial, his wife testified for the prosecution and stated that defendant had intended to use the money from the check to buy food for the couple's children.

After the wife's testimony was completed, the trial court determined that it was subject to the marital privilege law, § 13–90–107(1)(a), C.R.S.2003. The court struck the testimony from the record and ordered the jury to disregard it. The court refused defendant's request for a choice of evils instruc-

tion, and it also refused to let him present any evidence that his concern for his children's welfare compelled his crimes.

Defendant presented no evidence, but argued that he could not be guilty of the crimes charged because he lacked the requisite intent. The trial court denied defendant's motion for a new trial, and this appeal followed.

## I.

Defendant contends that the trial court erred by refusing his request to instruct the jury on the affirmative defense of choice of evils and by refusing to accept the argument as a general defense. We disagree.

■ Choice of evils is a statutory defense applicable when the alleged crimes were necessary as an emergency measure to avoid an imminent public or private injury that is about to occur by reason of a situation occasioned or developed through no conduct of the actor and which is of sufficient gravity to outweigh the criminal conduct. Section 18–1–702(1), C.R.S.2003. The defendant must offer proof of the sudden and unforeseen emergence of a situation requiring his or her immediate action to prevent an imminent injury. *People v. Roberts,* 983 P.2d 11 (Colo. App.1998).

■ An affirmative defense such as choice of evils provides a legal justification for otherwise criminally culpable behavior. *People v. Martinez,* 36 P.3d 154 (Colo.App. 2001). A defendant who asserts an affirmative defense admits the doing of a charged act, but seeks to justify the act on grounds deemed by law to be sufficient to avoid criminal responsibility. *People v. Huckleberry,* 768 P.2d 1235 (Colo.1989).

■ A defendant who has a reasonable legal alternative as a means to avoid the threatened injury is foreclosed from asserting a choice of evils defense. Moreover, a defendant who seeks to assert a choice of evils defense must offer evidence that the criminal conduct at issue did not exceed that reasonably necessary to avoid the impending injury. *People v. Brandyberry,* 812 P.2d 674 (Colo.App.1990).

■ Before instructing the jury on the choice of evils defense, the trial court must look at the evidence in the light most favorable to the defendant and determine whether the facts could justify the crimes charged. *People v. Auman,* 67 P.3d 741 (Colo.App. 2002)(*cert. granted* Mar. 24, 2003). On appeal, we must determine as a matter of law whether defendant's offer of proof, considered in the light most favorable to him, is substantial and sufficient to support the statutory defense. *See People v. Brandyberry, supra.*

■ As part of his offer of proof, defendant indicated that his three children, who ranged in age from sixteen months to eleven years, suffered from serious health problems. On the date the crimes occurred, the children had not eaten for more than twenty-four hours, and three different food banks had turned down defendant's requests for food. Defendant feared that a lack of food would exacerbate his children's health problems and lead to malnutrition and death.

The trial court refused to give a choice of evils instruction, finding that defendant failed to establish an imminent threat of injury to his children and that he did not show that he could not have pursued other legal alternatives for obtaining food. We perceive no error.

■ While we are not without sympathy for the downtrodden, the law is clear that economic necessity alone cannot support a choice of crime. Although economic necessity may be an important issue in sentencing, *People v. Turner,* 249 Ill.App.3d 474, 189 Ill.Dec. 80, 619 N.E.2d 781 (1993), a choice of evils defense cannot be based upon economic necessity. *See State v. Moe,* 174 Wash. 303, 24 P.2d 638 (1933)(unemployed workers who marched on a commissary and stole groceries could not raise the defense of economic necessity); *see also People v. McKnight,* 626 P.2d 678 (Colo.1981)(to rely on the choice of evils defense, defendant must show that he or she had no reasonable alternative except to commit the crime charged).

■ Further, Colorado law requires that the defendant show a direct causal connection between the action taken and the harm

sought to be prevented. *Andrews v. People,* 800 P.2d 607 (Colo.1990). Here, the trial court properly ruled by implication that the causal link was absent. This ruling finds support in the record from the circumstances of forgery and the relatively large amount of the forged instrument.

We conclude that defendant's offer of proof did not entitle him to assert a choice of evils defense, and the trial court did not err by refusing to give a choice of evils instruction to the jury and by refusing to allow defendant to use the theory as a general defense.

In reaching this conclusion, we decline to consider defendant's argument, made for the first time on appeal, that the evidence described in the offer of proof was admissible as part of the res gestae of the crimes. *See, e.g., People v. Lucero,* 985 P.2d 87 (Colo.App.1999)(argument not considered on appeal where not first raised in the trial court).

## II.

Defendant contends that the trial court erred in denying his motion for a new trial. Again, we disagree.

A trial court's decision to deny a motion for a new trial is discretionary and will be upheld if not manifestly arbitrary, unreasonable, or unfair. *People v. Eckert,* 919 P.2d 962 (Colo.App.1996). Before a new trial will be granted, the record must affirmatively show prejudice to the defendant's substantial rights. *People v. Woodward,* 631 P.2d 1188 (Colo.App.1981).

Defendant sought a new trial on the ground that the trial court erred by allowing his wife to testify as a prosecution witness in violation of the marital privilege statute. The trial court denied the motion, concluding, among other things, that the testimony did not prejudice defendant and the evidence against him was overwhelming.

The trial court did not abuse its discretion in denying defendant's motion. Assuming, without deciding, that the marital privilege applied to the testimony at issue and was properly invoked, we conclude that any error was harmless. The trial court instructed the jury to disregard the wife's testimony, and there being no indication to the contrary, we assume that the jury followed the court's curative instruction. *See People v. McNeely,* 68 P.3d 540 (Colo.App. 2002).

In addition, there was overwhelming evidence of defendant's guilt. Defendant was arrested at the scene of his crimes. A surveillance camera in the store where crimes occurred recorded the entire incident. At the direction of the store clerk, defendant endorsed the check and put his fingerprint on the instrument. Defendant committed his crimes on May 12, 2001; the store clerk was alerted to the suspicious activity because the identification card defendant presented listed his birth date as September 24, 2001; and he called the police while the crime was in progress. Finally, the assistant controller for the company whose name was on the payroll check testified that the company had not issued the check and had never employed anyone with either defendant's name or the false name used by defendant at the store.

In light of this evidence, the testimony of defendant's wife could not have substantially influenced the verdict or impaired the fairness of the trial. Thus, any error was harmless. *See People v. Pahlavan,* 83 P.3d 1138, 2003 WL 1923030 (Colo.App. No. 01CA1331, Apr. 24, 2003).

The judgment is affirmed.

Judge MARQUEZ and Judge ROTHENBERG concur.