The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jackie Lee FLOWERS, Defendant–Appellant.

No. 03CA1274.

Colorado Court of Appeals, Div. III.

Sept. 22, 2005.

Certiorari Denied Feb. 6, 2006.

John W. Suthers, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Marcia E. Wade, Marcia E. Wade, Lafayette, Colorado, for Defendant–Appellant.

TAUBMAN, J.

Defendant, Jackie Lee Flowers, appeals the judgment of conviction entered on a jury verdict finding him guilty of distribution of a controlled substance, conspiracy to distribute a controlled substance, possession of a controlled substance, and six habitual criminal counts. He also appeals his sentence. We affirm.

## I. Background

In January 2002, a confidential informant (CI) arranged to buy approximately $200 worth of drugs from a coworker, A.L. The CI and A.L. agreed that the sale would take place in a grocery store parking lot. A drug task force set up surveillance of the parking lot based on the CI's notification of the drug deal. The CI wore a small microphone to transmit his conversation with A.L. to the drug task force members.

A.L. arrived at the parking lot in an Isuzu Rodeo. A Chevy Blazer followed A.L. into the parking lot and parked beside his vehicle. A.L. got out of his vehicle and walked over to meet the CI. The CI gave A.L. $200 for the drugs, but A.L. told him that he should wait for him by the side of the building because he had "to go to the truck" to get the drugs.

A.L. then walked back toward his vehicle, but got into the back seat of the Blazer instead. A.L. remained in the Blazer for several minutes and then entered his vehicle and drove over to meet the CI. The CI got into A.L.'s vehicle, A.L. gave him the drugs, and the CI alerted the police that the deal had been completed.

The police pulled over both vehicles as they left the parking lot. They arrested defendant, the driver of the Blazer, and searched both his person and the Blazer. The police discovered that defendant had $180 of the marked money given to A.L. by the CI for the drugs, and two more packages of cocaine were found in the Blazer.

Defendant was charged with distribution of a controlled substance, conspiracy to distrib-ute a controlled substance, possession of a controlled substance, and six habitual criminal counts. Defendant was convicted of the first three counts after a jury trial and was convicted of the six habitual criminal counts after a bench trial. The court sentenced defendant to thirty-two years on each of the first two counts and twelve years on the third count, to be served concurrently.

## II. Probable Cause to Arrest

Defendant contends that the trial court erred in denying his motion to suppress certain evidence that was found during the search of his vehicle because it was obtained in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. We disagree.

■ In reviewing a motion to suppress, we give deference to the trial court's factual findings and review its legal conclusions de novo. *People v. King,* 16 P.3d 807 (Colo. 2001).

Both the United States and Colorado Constitutions protect against unreasonable searches and seizures. U.S. Const. amends. IV, XIV; Colo. Const. art. II, § 7. Consequently, a formal arrest must be supported by probable cause. *People v. McCoy,* 870 P.2d 1231 (Colo.1994).

■ In determining whether probable cause to arrest exists, we must look to the totality of the circumstances at the time of the arrest. This inquiry includes considering the objective facts and circumstances available to a reasonably cautious officer at the time of arrest, and determining whether they justify the belief that an offense has been or is being committed by the person being arrested. *King, supra.*

■ Probable cause is measured in terms of "probabilities similar to the factual and practical questions of everyday life upon which reasonable and prudent persons act." *People v. MacCallum,* 925 P.2d 758, 762 (Colo.1996)(quoting *People v. Thompson,* 793 P.2d 1173, 1175 (Colo.1990)). The court must also take into account "a police officer's experience and training in determining the significance of his or her observations, and, be-

cause [probable cause] turns on 'common-sense conclusions about human behavior,' it may be satisfied even where innocent explanations exist for conduct." *People v. Rogers,* 68 P.3d 486, 489 (Colo.App.2002) (citations omitted; quoting *People v. Polander,* 41 P.3d 698, 702 (Colo.2001)).

■ We conclude that there was probable cause to arrest defendant.

The police observed defendant's Blazer follow A.L.'s vehicle into the parking lot at the approximate time of the arranged drug deal. Defendant parked his Blazer next to A.L.'s vehicle and waited while A.L. made contact with the CI. After the CI gave A.L. $200 for the drugs, the police heard A.L. state that he had to go "to the truck" to get the drugs. Immediately thereafter, A.L. got into defendant's Blazer. A.L. then entered his vehicle and delivered the drugs to the CI. A short while later, police observed defendant and A.L. leaving the parking lot at the same time.

Based on the totality of the circumstances, we conclude that at the time of defendant's arrest, the officers were justified in their belief that an offense had been committed by defendant. *See King, supra.*

Because we have concluded that defendant's arrest was supported by probable cause, the subsequent search of his vehicle was also lawful, and therefore, the trial court properly denied defendant's motion to suppress. *See People v. Kirk,* 103 P.3d 918 (Colo.2005)(a search conducted incident to a lawful arrest is an established exception to the warrant requirement).

### III. Sufficiency of the Evidence

Next, defendant contends that there was insufficient evidence presented to support his conviction for conspiracy. We disagree.

■ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Osborne,* 973 P.2d 666, 672 (Colo.App.1998).

The offense of conspiracy is set forth in § 18–2–201, C.R.S.2004, which provides in part:

(1) A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in the planning or commission of a crime or of an attempt to commit such crime.

(2) No person may be convicted of conspiracy to commit a crime, unless an overt act in pursuance of that conspiracy is proved to have been done by him or by a person with whom he conspired.

■ The existence of a conspiracy may be proved by "circumstantial evidence which indicates that the conspirators, by their acts, pursue th[e] same objective, with a view toward obtaining a common goal." *People v. Cabus,* 626 P.2d 1159, 1160 (Colo.App.1980). The supreme court has recognized that most evidence supporting a conspiracy will be circumstantial because of the "covert and secretive nature of the offense." *People v. LeFebre,* 190 Colo. 307, 310, 546 P.2d 952, 954 (1976).

As noted, defendant and A.L. arrived at the same time at the arranged location of the drug deal and parked their vehicles side by side. A.L. got into defendant's vehicle immediately following his statement that he was going to get the drugs from the truck. Once the deal had been completed, defendant was found in possession of $180 of the marked money, and A.L. had the remaining $20. In addition, more cocaine was found in defendant's car when he was arrested.

■ Based on the foregoing, we conclude that there was sufficient evidence to support the jury's conclusion that defendant and A.L. had agreed to commit a crime and that an overt act had been committed in furtherance of the conspiracy when A.L. sold the drugs to the CI. Accordingly, there was sufficient evidence to support defendant's conviction for conspiracy.

## IV. Sixth Amendment Right to Trial by Jury

Defendant contends that his Sixth Amendment right to a trial by jury was violated because the trial court based his sentence on facts that were not found by the jury, including (1) the fact of prior convictions and (2) the fact that those convictions were separately brought and tried in accordance with the requirements of § 18–1.3–801, C.R.S.2004. We disagree.

### A. Fact of Prior Convictions

■ In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court concluded that the fact of a prior conviction is not an element of the offense and, therefore, need not be found by the jury. The Court affirmed this rule in both *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See Lopez v. People*, 113 P.3d 713 (Colo.2005); *People v. Orth*, 121 P.3d 254, 2005 WL 427716 (Colo.App. No. 03CA0969, Feb. 24, 2005).

Accordingly, we reject defendant's argument that he was entitled to a jury finding on the fact of his prior convictions.

### B. Prior Convictions Separately Brought and Tried

■ We also reject defendant's contention that, under *Apprendi*, a jury, rather than the trial court, must make findings of fact regarding whether a defendant's prior convictions were separately brought and tried. *See People v. Benzor*, 100 P.3d 542, 545 (Colo. App.2004)("The prior conviction exception permits the trial court to make findings regarding prior convictions."); *People v. Carrasco*, 85 P.3d 580, 582 (Colo.App. 2003)("there is no right to a jury trial in habitual criminal proceedings and thus the statute authorizing the court to determine habitual criminality issues does not violate the Sixth Amendment").

Punishment for habitual criminals is set forth in § 18–1.3–801, C.R.S.2004, which provides in part:

(2) Every person convicted in this state of any felony, who has been three times previously convicted, *upon charges separately brought and tried, and arising out of separate and distinct criminal episodes,* either in this state or elsewhere, of a felony . . . shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by imprisonment in the department of corrections for a term of four times the maximum of the presumptive range pursuant to section 18–1.3–401 for the class of felony of which such person is convicted.

(Emphasis added.)

Although the trial court found that defendant had six prior convictions, defendant alleges that a jury had to determine whether these convictions were separately brought and tried.

Although there is not a Colorado case directly on point, several Illinois decisions support our conclusion, and we apply them here.

In *People v. Lathon*, 317 Ill.App.3d 573, 251 Ill.Dec. 296, 740 N.E.2d 377, 381 (2000), the court rejected the defendant's contention that a state sentencing statute violated *Apprendi*, and therefore, his right to a trial by jury, because the sentence enhancing provision did not require the state to prove to a jury beyond a reasonable doubt "the specific timing, degree, number, and sequence of defendant's prior convictions."

Subsequently, in *People v. Watson*, 322 Ill.App.3d 164, 255 Ill.Dec. 596, 749 N.E.2d 1078 (2001), the defendant contended that because the statute under which he was sentenced required proof of facts other than the mere existence of prior convictions, *Apprendi* required those facts to be proved to a jury beyond a reasonable doubt. The additional facts included, as under § 18–1.3–801, that the charges were separately brought and tried and arose out of different series of acts. Additionally, the statute required proof that the defendant was more than twenty-one years old, that the first felony was committed after the effective date of the relevant statutory amendment, that the second felony was committed after the first conviction, and that

the third felony was committed after the second conviction. *Watson, supra.*

The *Watson* court, relying on *Lathon,* determined that the "additional facts" at issue were typically undisputed matters of record and that requiring the jury to find these facts would place damaging information about the defendant in front of the jury. The court concluded that *"Apprendi* simply does not apply where the primary basis for the enhanced sentence is [the] defendant's criminal history." *Watson, supra,* 255 Ill.Dec. 596, 749 N.E.2d at 1082.

Similarly, in *People v. Landrum,* 323 Ill. App.3d 664, 257 Ill.Dec. 916, 755 N.E.2d 18, 20 (2001), the court held that *Apprendi* does not require the state "to prove to a jury beyond a reasonable doubt that [the defendant's] prior conviction occurred within 10 years of the current conviction, that the charges were separately brought and tried, and that the charges [arose] out of a different series of acts."

Here, the fact of defendant's prior convictions was not an element of the underlying offense, and procedural safeguards enhanced the validity of evidence presented to the trial judge regarding defendant's prior convictions. *See People v. Cooper,* 104 P.3d 307 (Colo.App.2004)(strict proof required in habitual criminal proceedings); *Watson, supra,* 255 Ill.Dec. 596, 749 N.E.2d at 1080 ("prior convictions must themselves have been established through procedures that complied with due process"). In addition, requiring the People to prove to the jury that defendant's prior convictions were separately brought and tried could have resulted in prejudice to defendant because the jury would necessarily have had to consider the fact of those prior convictions in determining his guilt on the charges for which he was currently being tried.

Accordingly, we conclude that *Apprendi* does not require a jury to determine whether a defendant's prior convictions were separately brought and tried as required under the habitual criminal statute.

## V. Double Jeopardy

Last, defendant contends that his right to be free from double jeopardy has been violated because he was convicted of both possession and distribution of cocaine based on the same facts. We disagree.

Defendant did not allege a violation of his right to be free from double jeopardy in the trial court, and therefore, we review for plain error. Plain error is error that so undermined the fundamental fairness of the trial that it casts serious doubt upon the reliability of the judgment of conviction. *See People v. Miller,* 113 P.3d 743 (Colo.2005).

In *People v. Abiodun,* 111 P.3d 462 (Colo. 2005), the supreme court concluded that § 18–18–405, C.R.S.2004, defines a single offense, and therefore, a defendant cannot be twice convicted under that section unless he or she commits a successive offense. Thus, the court concluded that a defendant cannot be convicted for both possession of a controlled substance and distribution of a controlled substance unless the convictions are based upon factually distinct conduct. *Abiodun, supra.*

In *Abiodun,* the court analyzed whether conduct supporting one conviction of a particular crime is factually distinct from conduct supporting a successive conviction. The court concluded that whether a particular act was committed was a question of fact, but whether different acts could constitute more than one offense and whether the evidence was sufficient to support a factual finding of those acts, are matters of law. The test is whether "each legally distinct offense has been charged with sufficient specificity to distinguish it from other offenses and the evidence at trial is sufficient to support convictions of each charge." *Abiodun, supra,* 111 P.3d at 471 (citations omitted). If so, general verdicts of guilt are adequate to support multiple convictions.

The court further stated that "distributions of a different quantum of drugs to different recipients, or to the same recipient on different occasions, involve different units of prosecution contemplated by section 405, and therefore constitute separate and distinct offenses." *Abiodun, supra,* 111 P.3d at 471.

Here, the information charged defendant with both possession of a controlled

substance and distribution of a controlled substance in violation of § 18–18–405(I)(a). Although the information did not specifically allege the factual basis for each charge, both the prosecutor and defense counsel argued the possession charge based on the cocaine found in defendant's Blazer, while the distribution charge was argued based on the cocaine A.L. sold to the CI.

Therefore, defendant's convictions for possession of cocaine and distribution of cocaine were based upon factually distinct conduct. *See Abiodun, supra.* Accordingly, there was no error, plain or otherwise, and therefore, there was no violation of defendant's right to be free from double jeopardy.

The judgment and sentence are affirmed.

Judge CARPARELLI and Judge PICCONE concur.