The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Ralph R. NUNN, Defendant–Appellant.**

**No. 03CA0939.**

Colorado Court of Appeals, Div. IV.

April 6, 2006.

Rehearing Denied May 25, 2006.*

Certiorari Denied Nov. 27, 2006.**

* Furman, J., would GRANT.

** Justice EID does not participate.

John W. Suthers, Attorney General, Clemmie Parker Engle, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

VOGT, J.

Defendant, Ralph R. Nunn, appeals the judgment of conviction entered on a jury verdict finding him guilty of forgery, theft, and criminal impersonation. He also appeals the sentence imposed upon his subsequent adjudication as a habitual criminal. We affirm.

Defendant was charged in two consolidated cases with numerous felony counts, all arising out of his theft and forgery of checks totaling over $130,000 and his use of false identification to cash the checks. Defendant admitted having cashed the forged checks but raised the affirmative defense of duress, asserting that others were threatening to harm him and his family if he did not do so. He was convicted on forty-seven substantive felony counts and twelve habitual criminal counts, and the trial court imposed a prison sentence of forty-eight years.

## I.

Defendant contends the trial court violated his rights to due process and to trial by jury when it erroneously instructed the jury on the affirmative defense of duress. We disagree.

A trial court has a duty to instruct the jury correctly on the law applicable to the case. *People v. Weinreich,* 119 P.3d 1073 (Colo.2005). However, a conviction will not be reversed based on a claimed deficiency in a jury instruction if the instructions, read as a whole, adequately inform the jury of the law. *People v. Vanrees,* 125 P.3d 403 (Colo. 2005).

■ An affirmative defense admits the doing of the act charged but seeks to justify, excuse, or mitigate it. *People v. Huckleberry*, 768 P.2d 1235 (Colo.1989); *see also People v. Fontes*, 89 P.3d 484, 486 (Colo.App. 2003)("An affirmative defense ... provides a legal justification for otherwise criminally culpable behavior.").

Section 18–1–708, C.R.S.2005, provides, as relevant here:

A person may not be convicted of an offense ... based upon conduct in which he engaged at the direction of another person because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been unable to resist. This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be subjected to such force or threatened use thereof.

Here, the jury was given an instruction stating:

It is an affirmative defense to the crimes of theft, forgery and criminal impersonation that the defendant engaged in the prohibited conduct at the direction of another person because of the use or threatened use of unlawful force upon him or upon another person, which a reasonable person in the defendant's situation would have been unable to resist. This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be subjected to such force or threatened use thereof.

This instruction is the pattern instruction found at CJI–Crim. 7:09 (1983), and it is substantially similar to the language of § 18–1–708. *See People v. Garcia*, 1 P.3d 214 (Colo.App.1999) (instruction in language of statute is generally considered sufficient), *aff'd*, 28 P.3d 340 (Colo.2001).

Although he did not object to the instruction in the trial court, defendant argues on appeal that the instruction is defective because it sets forth the "prejudicial presumption" that he engaged in "prohibited conduct," thereby depriving him of the presumption of innocence and lessening the prosecution's burden of proof. We are unpersuaded.

Fairly read, the reference to "prohibited conduct" in the first sentence of the instruction refers to conduct on which the enumerated charges were based and which is in fact "prohibited" absent the existence of the affirmative defense. This reading is consistent with the nature of an affirmative defense as a legal justification for admitted and "otherwise criminally culpable" behavior. *See People v. Fontes, supra.* It is also consistent with defendant's testimony at trial, where he admitted that he had engaged in the conduct on which the charges were based and that he knew it was prohibited conduct ("Yes, I did know it was criminal activity.").

Thus, the instruction was not "legally and constitutionally deficient," as defendant asserts. Further, the instructions as a whole—including instructions regarding the presumption of innocence and the prosecution's burden to disprove the affirmative defense of duress, as well as to prove all the elements of the crimes charged, beyond a reasonable doubt—adequately instructed the jury and made clear that the burden of proof remained on the prosecution. There was therefore no violation of defendant's constitutional rights and no error, plain or otherwise. *See People v. Miller*, 113 P.3d 743 (Colo. 2005)(plain error standard of review governs allegations of constitutional error, including those based on instructional omissions or misstatements, in absence of contemporaneous objection).

## II.

■ Defendant next contends that his habitual criminal sentence must be vacated because it was based on facts found by a judge rather than a jury, in contravention of the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We again disagree.

### A.

The Supreme Court held in *Apprendi*, and reiterated in *Blakely*, that any fact *other*

*than the fact of a prior conviction* that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Decisions from this court have relied on *Apprendi*'s "prior conviction" exception in ruling that habitual criminality may be constitutionally adjudicated by a judge and not a jury. *See People v. Benzor*, 100 P.3d 542 (Colo.App.2004); *People v. Gilmore*, 97 P.3d 123 (Colo.App.2003); *People v. Carrasco*, 85 P.3d 580 (Colo.App.2003); *People v. Johnson*, 74 P.3d 349 (Colo.App.2002).

■ Defendant argues that the prior conviction exception on which this court's decisions have relied is "constitutionally indefensible" in light of doubts expressed by Justice Thomas about the viability of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the case upon which the prior conviction exception was based. However, the Supreme Court has not overruled *Almendarez–Torres* and has continued to recognize the prior conviction exception. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Further, while acknowledging that there is "some doubt about the continued vitality of the prior conviction exception," the Colorado Supreme Court has concluded that the exception "remains valid after *Blakely*." *Lopez v. People*, 113 P.3d 713, 723 (Colo. 2005). We may not reach a contrary conclusion here. *See also People v. Orth*, 121 P.3d 256 (Colo.App.2005), rejecting the contention raised by defendant in this case.

### B.

Defendant further contends that, even if the prior conviction exception remains viable, his habitual criminal sentence is nevertheless unconstitutional because Colorado's habitual criminal sentencing scheme requires the court to make findings of fact that are "distinct from and in addition to the fact of any alleged prior conviction." We again disagree.

### 1.

■ As an initial matter, we reject the People's contention that we may not consider this issue because it was not raised in the trial court. Before trial, defendant filed and served on the district attorney and the attorney general a "Motion to Declare that the Habitual Offender Statute Violates the Fundamental Right to Jury Trial." The district attorney filed a response, and the trial court denied the motion at the beginning of the habitual criminal trial.

In the motion, defendant argued that statutes permitting a judge to make "the necessary findings of fact to enhance the maximum sentence" violated the right to trial by jury. Although the argument was made with less specificity than is presented on appeal, we conclude it was sufficient to preserve the issue for appellate review. *See People v. Melendez*, 102 P.3d 315 (Colo.2004).

### 2.

Section 18–1.3–801(2), C.R.S.2005, mandates habitual criminal sentencing for a convicted felon "who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony."

■ In habitual criminal proceedings, the prosecution bears the burden of proving beyond a reasonable doubt that the defendant has been previously convicted as alleged. This burden includes proving that the defendant is the person named in the prior convictions. *People v. Martinez*, 83 P.3d 1174 (Colo.App.2003); *see* § 18–1.3–803(4)(b), (5)(b), C.R.S.2005.

Although habitual criminal charges were formerly tried to a jury, the statutes were amended in 1995 to provide that those charges would be tried to the court, in a separate hearing after trial. *See* § 18–1.3–803, C.R.S.2005; Colo. Sess. Laws 1995, ch. 129, § 16–13–103 at 467. The amended statutory scheme providing for habitual criminal adjudication by a judge and not a jury was upheld as constitutional in *People v. Edwards*, 971 P.2d 1080 (Colo.App.1998), and, as noted above, divisions of this court have rejected post-*Apprendi* challenges to it.

Defendant argues that habitual criminal sentencing requires three findings that are

distinct from and in addition to the "fact" of the prior convictions. The three are (1) that the prior convictions were based on charges separately brought and tried, (2) that they arose out of separate and distinct criminal episodes, and (3) that the accused was the person named in each prior conviction. Because no jury made these factual determinations in his case, defendant argues, his constitutional rights were violated and his sentence is illegal. For the reasons set forth below, we disagree.

### a. Charges were separately brought and tried and arose from separate and distinct criminal episodes.

In *People v. Flowers*, 128 P.3d 285 (Colo. App.2005), a division of this court held that *Apprendi* does not require a jury to determine whether, for purposes of habitual criminal adjudication, a defendant's prior convictions were separately brought and tried. The division relied on post-*Apprendi* Illinois decisions holding that a jury need not determine whether the defendant's prior convictions were "separately brought and tried" or whether they "arose out of [a] different series of acts." *Flowers, supra,* 128 P.3d at 289.

In addition to *Flowers* and the Illinois cases it cites, federal courts have held that, for purposes of sentencing enhancement under 18 U.S.C. § 924(e), whether a defendant's prior convictions were "committed on occasions different from one another" falls within the *Apprendi* prior conviction exception and thus need not be determined by a jury. *See United States v. Wilson,* 406 F.3d 1074 (8th Cir.2005)(citing court's prior cases rejecting argument that nature of a prior conviction is to be treated differently from fact of a prior conviction); *United States v. Burgin,* 388 F.3d 177, 186 (6th Cir.2004)("[D]eterminations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of [18 U.S.C.] § 924(e) sufficiently comes within the exception in *Apprendi* for a prior conviction."); *United States v. Morris,* 293 F.3d 1010 (7th Cir.2002)(factual finding that defendant's prior firearms convictions were committed on

different occasions was properly made by judge); *United States v. Santiago,* 268 F.3d 151, 156 (2d Cir.2001)(noting that court was "not persuaded by the defendant's contention that the separateness of the prior convictions can be distinguished from the mere fact of their existence," and reading *Apprendi* "as leaving to the judge ... the task of finding not only the mere fact of previous convictions but other related issues as well").

Although these cases could be read broadly to support the proposition that *any* fact "about" prior convictions—including whether they arose out of separate and distinct criminal episodes and were separately brought and tried—necessarily falls within the prior conviction exception, we conclude that such a broad reading is unwarranted in light of *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In *Shepard,* the Supreme Court addressed the application of the prior conviction exception to a disputed fact about a prior conviction—namely, whether the defendant's three prior burglary convictions, entered on his guilty pleas in a state where the nature of the burglary was not ascertainable from the conviction, constituted "violent felonies" for purposes of sentence enhancement under 18 U.S.C. § 924(e). The *Shepard* Court held that, in such situations, the inquiry into what was admitted by the defendant's guilty plea is limited to "the terms of a plea agreement or transcript of [a] colloquy ... in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard, supra,* 544 U.S. at ——, 125 S.Ct. at 1263. In so holding, the plurality noted that the case implicated *Apprendi*'s concerns regarding judicial determination of facts that increase the ceiling of a potential sentence, and added: "While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to ... *Apprendi,* to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute." *Shepard, supra,* 544 U.S. at ——, 125 S.Ct. at 1262.

Citing the concern raised in *Shepard* regarding facts "about" prior convictions that were "too far removed from the conclusive significance of a prior judicial record," the Fourth Circuit held, in *United States v. Washington*, 404 F.3d 834, 841 (4th Cir.2005), that the defendant's right to trial by jury was violated when the district court relied on facts outside the indictment in his prior state law conviction to find that the prior conviction was for a crime of violence.

However, the same court distinguished *Shepard* and *Washington* when it subsequently held, in *United States v. Thompson*, 421 F.3d 278 (4th Cir.2005), that the defendant was not entitled to have a jury determine whether his convictions had been committed on at least three separate occasions. The *Thompson* court reasoned that the record—specifically, the presentence report—detailed separate state court judgments entered on different dates; that the district court was entitled to rely on that report because it bore "the earmarks of derivation from *Shepard*-approved sources such as the indictments and state-court judgments from [the defendant's] prior convictions"; and that the information necessary to determine the "separateness" of the three occasions was thus inherent in the fact of the prior convictions themselves. The court also observed that the "line between facts that are inherent in a conviction and facts that are about a conviction is a common-sensical one, and there is no way that our conclusion as to the separateness of the occasions here can be seen to represent impermissible judicial factfinding." *Thompson, supra*, 421 F.3d at 285.

Applying these cases here, we conclude that there was no "impermissible judicial factfinding" underlying defendant's habitual criminal sentence. Even recognizing that, under *Shepard*, there may be facts "about" a prior conviction that would have to be found by a jury, this case does not present such a situation. That defendant here was convicted of more than three prior felonies "based upon charges separately brought and tried" and "arising out of separate and distinct criminal episodes" can be definitively established based on the judicial records introduced at the habitual criminal trial.

The prosecution introduced certified judgment packets for convictions entered in Minnesota in 1984, 1987, 1989, 1990, 1992, 1994 (four convictions), and 1995 (two convictions), as well as a 1997 Colorado forgery conviction. The dates and locations of the convictions necessarily establish that more than three of the prior convictions were based on charges separately brought and tried, and that they arose out of separate and distinct criminal episodes. Defendant did not at any time contend otherwise. In these circumstances, there was no requirement that those determinations be made by a jury. *See United States v. Wilson, supra*, 406 F.3d at 1076 (declining to address further defendant's contentions regarding his prior felonies because, even if court were to credit contention that two of the cited prior convictions should be counted as a single violent felony, he "would still have the three violent felonies required for sentencing" under the sentence enhancement provision); *People v. Watson*, 322 Ill.App.3d 164, 255 Ill.Dec. 596, 749 N.E.2d 1078 (2001) (rejecting contention that, for purposes of repeat offender statute, defendant was entitled to jury determination of facts relating to his prior convictions, where defendant did not argue that the prior convictions did not exist or that the presentence report inaccurately reported them).

### b. *Defendant was the person named in the prior convictions.*

We further conclude that the court could properly make the third factual finding cited by defendant—namely, whether he was the person named in the prior convictions.

This fact, even more than the other two discussed above, is intimately related to the existence of the prior conviction. *See United States v. Santiago, supra*, 268 F.3d at 156 ("determination of 'the fact of a prior conviction' implicitly entails many subsidiary findings, not the least of which is that the defendant being sentenced is the *same* defendant who previously was convicted of those prior offenses"); *People v. Belmares*, 106 Cal. App.4th 19, 130 Cal.Rptr.2d 400 (2003)(defendant had no right, under *Apprendi*, to jury trial on his identity as person whose name appeared on documents admitted to establish

prior convictions). We are aware of no cases that have reached a contrary conclusion.

Further, in *United States v. Browning*, 436 F.3d 780 (7th Cir.2006), the Seventh Circuit addressed and rejected a post-*Shepard* contention that a defendant was entitled to a jury trial on the issue of whether a previous conviction used to enhance his sentence was a conviction of him or of another person. Writing for the court, Judge Posner observed that, while the issue before it was "whether the defendant had been convicted," the issue in *Shepard* was "what the defendant had been convicted of." Under *Shepard* and *Apprendi*, the "use of a prior conviction to enhance a defendant's sentence presupposes that it is a prior conviction *of him*, and if there is any doubt on that score the judge has to resolve it. As he did here." *Browning, supra*, 436 F.3d at 782.

We agree with *Browning, Belmares*, and *Santiago*, and we conclude that defendant had no right to have a jury determine whether he was the person convicted in the prior cases. Although defendant disputed that fact at the habitual criminal trial, the trial court determined, based on the certified judgment packets, the penitentiary packets, and the testimony of a fingerprint expert, that defendant was the person convicted in the prior cases. That determination could properly be made by the court, and it is amply supported by the evidence. *See People v. Kyle*, 111 P.3d 491 (Colo.App.2004)(in habitual criminal proceedings, identity may be proved by fingerprint cards and expert testimony linking prints to defendant).

In sum, the factual determinations made by the trial court here neither deprived defendant of his constitutional rights nor rendered his sentence illegal.

The judgment and sentence are affirmed.

CASEBOLT and FURMAN, JJ., concur.