Darryl A. PRODELL *v.* STATE of Arkansas

CA CR 07-1169                                    285 S.W.3d 673

Court of Appeals of Arkansas
Opinion delivered June 4, 2008

*Harrelson Law Firm, P.A.*, by: *Jeff Harrelson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

J OHN B. ROBBINS, Judge. Appellant Darryl A. Prodell was convicted by a jury of being a felon in possession of a firearm. He was sentenced as a habitual offender to fifteen years in prison. Mr. Prodell's sole argument on appeal is that the trial court erred in refusing to submit his proffered jury instruction on the "choice of evils" defense. We affirm.

It was stipulated at trial that Mr. Prodell has a prior felony conviction. The State's evidence concerning Mr. Prodell's possession of a firearm included the testimony of Robert McKellar, a pawn broker. Mr. McKellar testified that on January 10, 2007, Mr. Prodell entered American Pawn and was paid a total of $100 in exchange for a .50 caliber muzzle-loading firearm, a printer/copier, and some tools. A pawn ticket was admitted into evidence showing that Mr. Prodell had pawned these items.

Darryl Prodell's father, Darwin Prodell, testified in Darryl's defense. Darwin testified that Darryl has a wife and three children, and that he gave the firearm to his son to help him financially. Darwin explained:

> I am familiar with the allegation that Darryl possessed a firearm, as I owned the firearm, a .50 caliber muzzle loader. Darryl came into possession of the firearm because they were strapped for money and we had been trying to help them as much as we could and it was another item that I could give him to pawn to get money to pay the bills. I was familiar with his financial circumstances and I would consider their financial situation at the time to be an emergency for them. He had my permission to take it to the pawn shop and it was my idea for him to do so. It was a quick way to get some extra cash and it was just laying around doing nothing anyway. I didn't see any harm in it. I didn't just give him money because we're strapped, too.

The appellant proffered the following jury instruction pursuant to AMI Crim. 2d 702:

JUSTIFICATION – CHOICE OF EVILS

Darryl Prodell, Defendant, asserts as a defense to the charge of Possession of a Firearm by Certain Persons that he was forced by circumstances to choose between two evils. This is a defense only if:

First: His conduct was necessary as an emergency measure to avoid an immediate public or private injury; and

Second: The desirability and urgency of avoiding that public or private injury outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prohibiting Possession of a Firearm by Certain Persons.

Darryl Prodell, Defendant, in asserting this defense, is required only to raise a reasonable doubt in your minds. Consequently, if you believe that this defense has been shown to exist, or if the evidence leaves you with a reasonable doubt as to his guilt of Possession of a Firearm by Certain Persons, then you must find him not guilty.

The trial court refused to give the instruction, and Mr. Prodell now asserts that this ruling was erroneous.

The "choice of evils" statute is Ark. Code Ann. § 5-2-604 (Repl. 2006), which provides in pertinent part:

(a) Conduct that would otherwise constitute an offense is justifiable when:

(1) The conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

(2) According to ordinary standards of reasonableness, the desirability and urgency of avoiding the imminent public or private injury outweigh the injury sought to be prevented by the law proscribing the conduct.

(b) Justification under this section shall not rest upon a consideration pertaining to the morality or advisability of the statute defining the offense charged.

The law is clear that a party is entitled to an instruction on a defense if there is sufficient evidence to raise a question of fact or if there is any

supporting evidence for the instruction. *Humphrey v. State*, 332 Ark. 398, 966 S.W.2d 213 (1998). In *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999), our supreme court held that a party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support giving the instruction.

Where the defendant has offered sufficient evidence to raise a question of fact concerning a defense, the instructions must fully and fairly declare the law applicable to that defense; however, there is no error in refusing to give a jury instruction where there is no basis in the evidence to support the giving of the instruction. *Yocum v. State*, 325 Ark. 180, 925 S.W.2d 385 (1996). On appeal, our role is not to weigh the evidence to determine if the justification instruction should have been given, but rather we limit our consideration to whether there is any evidence tending to support the existence of a defense. *Humphrey, supra.* If there is such evidence, then the justification instruction must be submitted to the jury for a factual determination. *See id.*

In the present appeal, Mr. Prodell argues that there was a basis in the evidence for giving a "choice of evils" instruction. He directs us to his father's testimony, where his father testified as to appellant's desperate financial situation and stated that he gave appellant the muzzle loader to pawn for extra money. Mr. Prodell submits that this was an emergency situation and that he was trying to prevent a private injury to his family by pawning the muzzle loader at his father's direction. Mr. Prodell asserts that there was no evidence that he used or intended to use the firearm, or that he was engaged in any conduct beyond temporarily possessing the firearm solely for the purpose of pawning it. Under such circumstances, appellant contends that the trial court abused its discretion in failing to give his proffered instruction. We disagree.

Even accepting Mr. Prodell's father's testimony as true, it still failed to support the existence of a "choice of evils" defense. This defense is to be rarely used and is narrowly construed and applied, *see Polk v. State*, 329 Ark. 174, 947 S.W.2d 758 (1997), and the commentary to section 5-2-604 states that the defense requires extraordinary attendant circumstances. *Whisenant v. State*, 85 Ark. App. 111, 146 S.W.3d 539 (2004). Illustrations of situations that might permit recourse to this defense include: (1) the destruction of buildings or other structures to keep fire from spreading; (2) breaking levees to prevent flooding a city, while in the process causing flooding of an individual's property; and (3) temporary appropriation of another's vehicle to remove a seriously injured

person to a hospital. *Whisenant, supra.* Where reasonable, legal alternatives to the charged conduct can be pursued or the necessity has ended, the "choice of evils" defense is not available. *See Polk, supra.*

In the instant case, there was testimony that Mr. Prodell was generally "strapped for money." However, this failed to rise to the level of the extraordinary attendant circumstances required to invoke the "choice of evils" defense. *See People v. Fontes,* 89 P.3d 484, 486 (Colo. Ct. App. 2003)(holding that choice-of-evils defense cannot be based on economic necessity). The testimony of appellant's father did not demonstrate the requisite temporal urgency to justify appellant's conduct. In short, no "imminent public or private injury" was identified. Moreover, there were reasonable, legal alternatives to the charged conduct. Instead of giving the firearm to his son, appellant's father could have pawned the firearm himself or at least arranged for a person who was a non-felon to conduct the transaction. Because there was no basis in the evidence for giving a jury instruction on the "choice of evils" defense, the trial court did not err in refusing Mr. Prodell's proffered instruction.

Affirmed.

VAUGHT and BAKER, JJ., agree.